329 So.2d 686 (1976)
STATE of Louisiana
v.
Wayne MIMS, Jr.
No. 57128.
Supreme Court of Louisiana.
March 29, 1976.
*687 Arthur A. Lemann, III, Supervising Atty., New Orleans, Joseph A. Mengacci, Student Practitioner, Loyola Law School Clinic, for defendant-respondent.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, James W. Brodtmann, Asst. Dist. Attys., for plaintiff-relator.
DENNIS, Justice.
Defendant, Wayne Mims, Jr., was charged by bill of information with receiving stolen things, a violation of La.R.S. 14:69. Trial was initially set for August 7, 1975. Defendant requested a two week continuance by proper written motion which was granted. Subsequently, upon joint motion of the State and defendant, a second continuance was granted until October 9, 1975. On this date, defendant failed to appear and an alias capias was issued. Defendant was apprehended and trial was reset for November 13, 1975.
At approximately 8:30 A.M. on the morning of November 13, the assistant district attorney assigned to this case and the trial judge met to discuss the day's docket. The district attorney requested the court's permission to try two cases on that day, the instant case and another. He gave the court firm assurances that the State was ready for trial in both cases and that all the State's witnesses were available. The judge gave his assent, provided that the first trial would be conducted expeditiously.
Court convened promptly at 9:00 A.M. and the district attorney called the case of State of Louisiana v. Wayne Mims, Jr. for trial. There was some confusion as to who was to represent defendant, and while this matter was being resolved the court diverted its attention to a motion to suppress in another case. The hearing was concluded in approximately one-half hour and the court returned to the instant case. Defendant, now represented by counsel, announced his readiness to proceed and waived his right to a trial by jury. The State's witnesses were then called, and it was discovered that two crucial witnesses were absent. The district attorney informed the court that he would be unable to proceed without them. Nevertheless, the trial judge ordered him to proceed, and twice requested that he put on his available witnesses. Long pauses intervened, during which the district attorney neither responded to the judge's demands nor suggested an alternative route. Finally, the State requested a brief recess which was denied, and the court adjudged defendant not guilty of the crime charged. On application by the State, this Court granted writs in order to review the trial court's ruling. We find that the trial judge had no authority to enter a verdict of not guilty under the circumstances presented here and remand the case for further proceedings consistent with this opinion.
In some extraordinary instances a defendant may be acquitted without having actually been tried. For example, the law requires a final dismissal where the defendant's right to a speedy trial has been abridged, Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); Strunk v. United States, 412 U.S. 434, 93 S.Ct. 2260, 27 L.Ed.2d 56 (1973), or where trial has not been commenced within the statutory time limitations, La.C.Cr.P. art. 581.
*688 A verdict of not guilty, on the other hand, presupposes a trial in which the facts have been put at issue and determined in the defendant's favor. La.Code of Criminal Procedure authorizes the court in a bench trial to enter a judgment of acquittal on its own motion after the close of the State's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction, La.C.Cr.P. art. 778, as amended by Act 527, 1975. The article recognizes the fact that where the State's case is obviously deficient, to complete the trial would merely subject the defendant to unnecessary hardship and waste judicial resources. However, to render a verdict of not guilty at any time prior to the close of the State's evidence is to act prematurely and therefore arbitrarily.
In the instant case, trial had not yet commenced when the court ruled that defendant was not guilty. A trial by judge commences when the first witness is sworn. La.C.Cr.P. art. 761. Here, the district attorney had proceeded no further than to call the case for trial, and at this stage of the proceedings the court's action was clearly inappropriate. This is not to suggest, however, that the trial judge was powerless to act in the face of the State's stubborn resistance to his demands. Some action was required to break the stalemate; but we find that there were other alternatives available and that the facts warranted a less radical solution.
Where the law is silent, it is within the inherent authority of the court to fashion a remedy which will promote the orderly and expeditious administration of justice. La.C.Cr.P. art. 17; State v. Edwards, 287 So.2d 518 (La.1973). The court was not required to hold its business in abeyance on the chance that the missing witnesses would appear without further delay while two cases remained on the trial docket wherein the witnesses were available for trial. The court could have: ordered a continuance on its own motion; cited the recalcitrant assistant district attorney for contempt; or dismissed the prosecution without prejudice. We reach no conclusion as to the relative merits of these solutions, but find that any of them would have been preferable over the course of action chosen by the trial judge.
Further proceedings in this case will not impinge upon the guarantee against double jeopardy, because jeopardy has never attached. La.Code of Criminal Procedure article 592 provides in pertinent part: "When a defendant pleads not guilty, jeopardy begins when the first witness is sworn at the trial on the merits. * * * " No witness was sworn here; the trial was never begun. The fact that defendant was acquitted without having ever been subjected to jeopardy serves only to emphasize the impropriety of the trial judge's action rather than to foreclose its correction.
For the reasons stated above, the decision of the trial court is reversed and the case is remanded.
SANDERS, C. J., concurs in the decree.