| LAUNDERS, Judge,
dissenting.
The majority has decided that a district attorney is responsible for setting the fee at issue here. This conclusion was reached because, while it does not specify who shall set the amount of the fine, La. R.S. 16:15 empowers the district attorney to collect the fees and determine how the funds will be expended. I disagree with the majority’s decision because I do not believe that this limited grant of power gives the district attorney the authority to set the amount of the fees. Two separate fees are set forth in La. R.S. 16:15. First, La. R.S. 16:15(C) provides that the D.A. “may” collect a worthless check fee that “shall not exceed ...” Next, in addition to this fee, La. R.S. 16:15(E) provides that the district attorney “shall” collect a fee of $25.00 for each worthless check issued. Given the above quoted language, it is clear that the fee described in La. R.S. 16:15(C) is discretionary, while the fee contained in La. R.S. 16:15(E) is mandatory.
|?As previously noted, La. R.S. 16:15 does not identify the party responsible for setting the fees at issue. I believe, as the supreme court has previously held, that:
[wjhere the law is silent, it is within the inherent authority of the court to fashion a remedy which will promote the orderly and expeditious administration of justice. La.C.Cr.P. 17; State v. Edwards, 287 So.2d 518 (La.1973).
State v. Mims, 329 So.2d 686, 688 (La.1976). This language is in harmony with the traditional roles played by courts and district attorneys. District attorneys decide whom to prosecute and for what offenses, while courts perform the sentencing functions in criminal matters. As a discretionary fee, this penalty is a function of Defendant’s sentence. Therefore, I believe the trial judge has the inherent authority to set that fee. I see nothing in La. R.S. 16:15 that abrogates this inherent authority bestowed upon trial courts.
Furthermore, given that Defendant has been placed on three years supervised probation with several special conditions, I believe the fee set forth in La. R.S. 16:15(C) falls within the discretionary powers granted to trial courts under La. C.Cr.P. 895. The majority points out that the supreme court has held that the provision in La.C.Cr.P. 895 stating that trial courts “may impose any specific conditions reasonably related to ... rehabilitation” grants limited discretion to trial courts in *1278 setting fines as a condition of probation. State v. Rugon, 355 So.2d 876 (La.1977). I disagree with the majority, however, in that I see nothing in La. R.S. 16:15 that displaces the trial court’s aforementioned authority to set this fine. In other words, I do not believe that the limits upon a trial court’s discretion encompass the authority to set the amount of the fíne. Again, I believe the authority to set these conditions of probation are a part of the trial court’s inherent authority to perform ^[¿sentencing functions in criminal matters.
For these reasons, I respectfully dissent.