# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

INDIA ARMANI RATLIFF

NO. 2023 KW 0989

MARCH 28, 2024

---

In Re:    Belinda Parker Brown, applying for rehearing, 22nd Judicial District Court, Parish of St. Tammany, No. 3163-M-2022.

---

BEFORE:   McCLENDON, HESTER, AND MILLER, JJ.

REHEARING APPLICATION GRANTED. WRIT GRANTED IN PART AND DENIED IN PART. A court possesses inherently all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders. It has the duty to require that criminal proceedings shall be conducted with dignity and in an orderly and expeditious manner and to so control the proceedings that justice is done. A court has the power to punish for contempt. See La. Code Crim. P. art. 17. Where the law is silent, the court has the inherent authority to fashion a remedy which will promote the orderly administration of justice. **State v. Mims**, 329 So.2d 686, 688 (La. 1976); **State v. Dennis**, 55,462 (La. App. 2d Cir. 1/10/24), ___ So.3d ___, 2024 WL 105015. However, the Code provides that a court may punish a person adjudged guilty of contempt of court in connection with a criminal proceeding by a fine of not more than five hundred dollars, or by imprisonment for not more than six months, or both. La. Code Crim. P. art. 25(B). Thus, the law is not silent on this issue. Accordingly, given the facts of this case, the trial court erred by permanently banning Belinda Parker Brown, under its contempt power, from Division E and the misdemeanor courtrooms, unless subpoenaed as a witness, as a party, or unless specific written authorization from the presiding judge was obtained.

Therefore, that portion of the ruling permanently banning Ms. Parker from the courtrooms is reversed. In all other respects, the writ application is denied as the record shows the evidence adduced at the contempt proceedings was sufficient for a rational trier of fact to conclude that every element of the criminal constructive contempt charge was proven beyond a reasonable doubt. **State in Interest of R.J.S.**, 493 So.2d 1199 (La. 1986). See also **Rogers v. Dickens**, 2006-0898 (La. App. 1st Cir. 2/9/07), 959 So.2d 940, 945.

PMc
CHH

**Miller, J.**, concurs.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT