782 So.2d 556 (2001)
STATE of Louisiana
v.
Charles O. POLAND
No. 2000-K-0453.
Supreme Court of Louisiana.
March 16, 2001.
Richard P. Ieyoub, Attorney General, William R. Coenen, Jr., District Attorney, Johnny R. Boothe, Penny Wise-Douciere, Counsel for Applicant.
Peggy J. Sullivan, Monroe, LA, Counsel for Respondent.
Ellis P. Adams, Jr., Counsel for Louisiana District Attorney Association (Amicus Curiae).
LEMMON, Justice.
During the trial in which defendant was convicted of manslaughter, the prosecutor, in his case-in-chief, introduced defendant's grand jury testimony as direct substantive evidence of his guilt. The principal issue prompting this court's grant of certiorari is whether use of a person's grand jury testimony in a subsequent criminal prosecution of that person violates the principles of grand jury secrecy contained in La.Code Crim. Proc. arts. 433 and 434, when the person knowingly and intelligently waived the right against self-incrimination in the grand jury proceeding while represented by counsel.

Facts
In August 1997, defendant summoned the police to his residence, where the officer found the body of defendant's cousin lying face down on the ground. Defendant told the officer that the victim "pulled a knife on me and I had to shoot him."[1] *557 After being advised of his constitutional rights, defendant further stated, "He came at me with an attitude and he hit me twice with a knife and I shot him in self defense. I want a lawyer." Defendant was then arrested for second degree murder.
The following month, defendant testified before the grand jury. Defendant was informed on the record that he was the target of the grand jury investigation, that he had the right to consult with his lawyer, and that he had the right to have his lawyer present during the questioning. Defendant waived his right to remain silent and recounted his version of the incident.[2] The grand jury subsequently indicted defendant for second degree murder.
At trial, the prosecutor theorized that defendant and the victim argued while drinking beer and that defendant shot the victim and then placed his own knife in the victim's hand to create the appearance that defendant had acted in self-defense. In support of this theory, the prosecutor presented testimony of law enforcement officers that evidence gathered at the crime scene contradicted defendant's self-defense claim.[3] Based on this evidence, the prosecutor argued to the jury that the righthanded victim, whose right hand was pinned under his body when the police arrived at the scene, was not holding a knife at the time of the shooting, but rather was holding a beer in his right hand and a lit cigarette in his left hand.
In addition to the above testimony, the prosecutor sought to introduce defendant's grand jury testimony as part of the case-in-chief. Contending that the grand jury testimony contained internal inconsistencies, conflicted with statements made by the defendant at the scene, and conflicted with other witnesses' testimony regarding the crime scene, the prosecutor argued that the testimony contained evidence that was not available elsewhere and was necessary to prove that defendant did not act in self-defense.[4] Over defendant's strenuous objection, the trial court allowed a tape of defendant's grand jury testimony to be played at trial.
The jury returned a verdict of manslaughter. The court of appeal, on original hearing, affirmed defendant's conviction, holding that "when a defendant freely and voluntarily testifies, with his right to counsel observed, and knowingly and intelligently waives his right to remain silent, and his discovery request is properly answered, there is no prohibition to his statements to the grand jury being presented at trial." 32,475 at 13 (La.App. 2d Cir.10/27/99), 750 So.2d 1014, 1022.
On rehearing before a five-judge panel, the court reversed the conviction and held that Louisiana's long-standing tradition of protecting the secrecy of grand jury proceedings, *558 as embodied in La.Code Crim. Proc. art. 434, precluded the prosecutor from using defendant's grand jury testimony as substantive evidence at trial.
This court granted certiorari to address the res nova issue. 00-0453 (La.9/22/00), 767 So.2d 709.

Use of Grand Jury Testimony
La. Const. art. 5, § 34(A), which provides for the establishment of one or more grand juries in each parish, mandates that the secrecy of grand jury proceedings shall be provided by law.[5] In furtherance of the constitutionally mandated goal of grand jury secrecy, the Legislature adopted La.Code Crim. Proc. arts. 433 and 434. Article 433 specifies who may be present during the grand jury proceedings.[6] Article 434, which mandates that the testimony of witnesses be kept secret and prohibits any person with access to confidential information concerning grand jury proceedings from revealing that information, provides in pertinent part:
A. Members of the grand jury, all other persons present at a grand jury meeting, and all persons having confidential access to information concerning grand jury proceedings, shall keep secret the testimony of witnesses and all other matters occurring at, or directly connected with, a meeting of the grand jury. However, after the indictment, such persons may reveal statutory irregularities in grand jury proceedings to defense counsel, the attorney general, the district attorney, or the court, and may testify concerning them. Such persons may disclose testimony given before the grand jury, at any time when permitted by the court, to show that a witness committed perjury in his testimony before the grand jury. A witness may discuss his testimony given before the grand jury with counsel for a person under investigation or indicted, with the attorney general or the district attorney, or with the court. (emphasis added).
Article 434, while stating the general requirement that the testimony of a witness before the grand jury not be publicly disclosed, provides two specific exceptions to the requirement of grand jury secrecy. The first exception allows a person to reveal any statutory irregularities in the grand jury proceedings and to testify concerning the irregularities. This exception *559 may only be invoked after an indictment, and the information must be revealed to a specified authority. The second enumerated exception permits a person to disclose testimony given before the grand jury, when permitted by the court, to show that a witness committed perjury.
Another exception to the requirement of grand jury secrecy was established by this court in State v. Peters, 406 So.2d 189 (La.1981).[7] The Peters decision required the prosecutor to disclose a witness' grand jury testimony to the defendant because that testimony contained material exculpatory evidence which the prosecutor was required to turn over to the defendant under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The rule of Peters simply was that an exception to the statutory requirement of secrecy of grand jury testimony must be recognized when constitutionally required.
In the present case, the use of defendant's grand jury testimony as direct substantive evidence of his guilt does not fall under either of the two exceptions enumerated in Article 434, and an exception to the statutory requirement of secrecy is not constitutionally required. The prosecutor contends, however, that use of the grand jury testimony, under the unusual circumstances of this case, does not undermine the purpose of the secrecy of grand jury testimony.
In State v. Revere, 232 La. 184, 194-95, 94 So.2d 25, 29 (1957), this court discussed the need for secrecy in grand jury proceedings:
Not only has the grand jury been, traditionally, an inquisitorial body charged with determining whether probable grounds for suspicion of a crime exists, but, from its very beginning, its sessions have been surrounded by a cloak of seclusion and secrecy that has been jealously guarded and preserved during the intervening centuries as the only means of insuring that it be permitted the freedom of action necessary for a vigorous and effective discharge of its duties. The reasons underlying this necessity for secrecy are manyfold. Among them are: (1) It promotes freedom in the disclosure of crime; (2) prevents coercion of grand jurors through outside influence and intimidation and thus permits a freedom of deliberation and opinion otherwise impossible; (3) protects the safety and freedom of witnesses and permits the greatest possible latitude in their voluntary testimony; (4) prevents perjury by all persons appearing before the grand jury; (5) prevents the subornation of perjury by withholding facts that, if known, the accused or his confederates might attempt to disprove by false evidence and testimony; (6) avoids the danger of the accused escaping and eluding arrest before the indictment can be returned; and (7) keeps the good names of the persons considered, but not indicted, from being besmirched. Thus it may be seen that the secrecy that has from time immemorial surrounded the grand jury sessions is not only for the protection of the jurors and the witnesses, but for the state, the accused, and, as has been said, for society as a whole.
In In re Grand Jury, 98-2277 (La.4/13/99), 737 So.2d 1, 6, this court, quoting Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218-219, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979), elaborated *560 further on the need for secrecy of grand jury proceedings:
We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. In particular, we have noted several distinct interests served by safeguarding the confidentiality of grand jury proceedings. First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule. For all these reasons, courts have been reluctant to lift unnecessarily the veil of secrecy from the grand jury.
The foregoing considerations for the legislative mandate of secrecy clearly are designed primarily for a non-target witness and are not significant when a target of the investigation voluntarily testifies before the grand jury with counsel present. See 2 Wharton's Criminal Evidence § 344 (12th ed. 1955). Not one of these reasons for maintaining the secrecy of grand jury proceedings is applicable in the present case. At the time that defendant testified before the grand jury, he had already been arrested for murder and had been identified as the target of the grand jury investigation. And because he was subsequently indicted, one could hardly say that the use of his testimony would besmirch his good name or subject him to ridicule.
Moreover, the use of the testimony of a person already arrested for the crime would hardly discourage prospective witnesses from coming before the grand jury for fear that those against whom they testify would be aware of that testimony; the use of such testimony would not make other witnesses less likely to testify fully because of possible retribution or inducement; and the use of such testimony would not create the risk that a person about to be indicted would flee or would attempt to influence individual grand jurors to vote against indictment.
Perhaps more significantly, this defendant, already facing criminal charges, knowingly and voluntarily, and in the presence of his attorney, waived his right to remain silent and his right not to incriminate himself. A person has a constitutional right not to give evidence against himself or be a witness against himself. U.S. Const. Amend. V, cl. 3; La. Const. art. I, § 16. However, that right can be waived if done knowingly and voluntarily. A person also has a statutory right to have his testimony before a grand jury held in secrecy, but there is no apparent reason why that right cannot also be waived, unless the rights of others are affected or the integrity of grand jury proceedings is undermined.
Here, defendant, while under criminal charges, knowingly and voluntarily waived his right to remain silent and not to incriminate himself. Knowing he was the target of the investigation, he told the grand jury, without compulsion and with his attorney present, his version of the occurrence. Defendant took his chances of persuading the grand jury not to indict him, and he lost. Exclusion of the testimony that defendant intended to be exculpatory would serve absolutely no purpose *561 associated with the secrecy of grand jury testimony or with the fairness of criminal proceedings.
We conclude that the trial judge properly admitted the evidence.

Decree
The judgment of the court of appeal that reversed defendant's conviction is now reversed, and the conviction and sentence are reinstated.
KIMBALL, J., dissents and assigns reasons.
CALAGERO, C.J., dissents for reasons assigned by Justice KIMBALL.
KIMBALL, J., dissenting.
I disagree with the majority's holding that the defendant's grand jury testimony was properly admitted as evidence in the defendant's subsequent second-degree murder trial. The majority reasons that, because the defendant waived his right to remain silent and not to incriminate himself and voluntarily testified before the grand jury, he somehow also waived the statutory requirement that his grand jury testimony be held in secrecy.
Article 434 of the Louisiana Code of Criminal Procedure does not provide a statutory right which a grand jury target or witness may at his discretion invoke or waive. Rather, Article 434(A) provides a legislative mandate, in accordance with Louisiana's Constitution, that grand jury proceedings are to remain secret. See In re Grand Jury, 98-2277, p. 3 (La.4/13/99), 737 So.2d 1, 5.[1] While the defendant may have knowingly and voluntarily waived his right to remain silent in front of the grand jury, at the time he made that waiver he and his attorney had every reasonable expectation that his grand jury testimony would remain secret, as is the longstanding rule in this state.
Furthermore, the majority's interpretation of the language in La. Code Crim. Proc. art. 433(A)(2), leads to a strange anomaly regarding the admissibility of testimony given by witnesses who are targets at the outset of grand jury proceedings and witnesses who become targets at some point during the proceedings. Article 433 provides in relevant part:
If a witness becomes a target because of his testimony, the legal advisor to the grand jury shall inform him of his right to counsel and cease questioning until such witness has obtained counsel or voluntarily and intelligently waived his right to counsel. Any evidence or testimony obtained under the provisions of this Subparagraph from a witness who later becomes a target shall not be admissible in a proceeding against him.
The majority finds that, had Article 434's secrecy requirements been intended to apply universally to targets of a grand jury investigation, there would have been no need for Article 433's express prohibition against the use of testimony of a witness who later becomes a target. Thus, the majority concludes that the logical inference *562 to be made from the language which excludes testimony of a witness who later becomes a target, is that the witness's testimony would have been admissible if the witness had been a target in the first place.
However, that interpretation gives rise to an illogical disparity. Pursuant to the majority's reasoning, a witness, who is a target of the investigation from the outset of the proceedings, can "waive" grand jury secrecy and have his grand jury testimony admitted against him at trial. Yet, a non-targeted witness who testifies before the grand jury and then during the proceedings becomes a target, may choose to waive his right to remain silent and give additional testimony, but under Article 433, that testimony "shall not be admissible in a proceeding against him."
Finally, the majority argues that, because exclusion of the defendant's grand jury testimony in this case would serve no purpose associated with the secrecy of grand jury proceedings, those secrecy requirements should be waived. Contrary to the majority's argument, I believe that the court's holding today will effectively put an end to anyone targeted in an investigation being willing to come forward voluntarily and testify truthfully before the grand jury. Additionally, while it may not be the result intended by the court with today's decision, the majority's holding could very well unnecessarily create a slippery slope, along which the secrecy requirements of grand jury proceedings will slowly be eroded.
In conclusion, I am persuaded that the court of appeal was correct in reversing the defendant's conviction, based on the erroneous admittance of the defendant's grand jury testimony by the trial court. There is no legislative or jurisprudential authority for the majority's holding today. For all these reasons, I respectfully dissent.
NOTES
[1] The Officer found a knife in the victim's left hand, with the blade turned backwards.
[2] A transcript of defendant's testimony was provided to him during discovery pursuant to La. Code Crim. Proc. art. 716A, which specifically requires the prosecutor to provide a defendant with his or her grand jury testimony during the course of discovery.
[3] An officer testified that the victim had a brown knife in his left hand and also had burned cigarette paper attached to a finger of his left hand. An unexposed white knife was found in the victim's right front pocket. Also found near the victim were a cigarette butt, a lighter and a beer can.

The pathologist found no marks on the victim's body indicative of a struggle, but observed a burn mark on his right forearm, consistent with a cigarette burn. The expert opined that the burn had occurred at or about the time of death and that the victim died within three to five minutes of the shooting.
[4] For example, defendant's grand jury testimony established that the knife found in the victim's left hand belonged to defendant and that the victim had a beer in his right hand when he was shot.
[5] Louisiana first adopted a statutory rule of grand jury secrecy in 1928. See La. Acts 1928, No. 2, § 1.
[6] La.Code Crim. Proc. art. 433 provides in pertinent part:

A. (1) Only the following persons may be present at the sessions of the grand jury:
(a) The district attorney and assistant district attorneys or any one or more of them;
(b) The attorney general and assistant attorneys general or any one or more of them;
(c) The witness under examination;
(d) A person sworn to record the proceedings of and the testimony given before the grand jury; and
(e) An interpreter sworn to translate the testimony of a witness who is unable to speak the English language.
(2) An attorney for a target of the grand jury's investigation may be present during the testimony of said target. The attorney shall be prohibited from objecting, addressing or arguing before the grand jury; however he may consult with his client at anytime. The court shall remove such attorney for violation of these conditions. If a witness becomes a target because of his testimony, the legal advisor to the grand jury shall inform him of his right to counsel and cease questioning until such witness has obtained counsel or voluntarily and intelligently waived his right to counsel. Any evidence or testimony obtained under the provisions of this Subparagraph from a witness who later becomes a target shall not be admissible in a proceeding against him.
[7] This court has approved the use of a witness' grand jury testimony to impeach the witness who subsequently was charged in a criminal prosecution and chose to testify at trial. See State v. Tanner, 425 So.2d 760 (La.1983); but see State v. O'Blanc, 346 So.2d 686 (La.1977), and State v. Ivy, 307 So.2d 587 (La.1975).
[1] This court has long recognized the importance of the policy that the secrecy of grand jury proceedings should be carefully maintained. See In re Grand Jury, supra; State v. Trosclair, 443 So.2d 1098, 1103 (La.1983). While the court has necessarily recognized that absolute secrecy is not required when the legislature creates statutory exceptions or when to maintain secrecy would conflict with a constitutional provision, there is no existing exception, authorizing the court's holding today. See, e.g., State v. Square, 257 La. 743, 244 So.2d 200, 217-18 (La.1971) ("We recognized then, and we reiterate today, the legislative mandate to preserve grand jury secrecy unless a clearly defined exception is announced by the Legislature."); State v. Peters, 406 So.2d 189, 191 ("An accused's constitutional rights cannot be thwarted by state law.").