979 So.2d 469 (2008)
STATE of Louisiana
v.
Amanda GUTWEILER aka Amanda Hypes.
No. 2006-K-2596.
Supreme Court of Louisiana.
April 8, 2008.
*471 KNOLL, Justice.
The pre-trial status of this criminal case concerns sanctions imposed by the trial court against the State for breaching *472 grand jury secrecy in violation of La.Code Crim. Proc. art. 434. The trial court quashed the indictment charging defendant with three counts of first-degree murder, and further ordered two principal State witnesses, its arson expert, Dr. John DeHaan, and the lead investigator, Det. Bobby Sandoval, from testifying before any new grand jury convened to re-indict the defendant or from any subsequent trial.[1] The court of appeal agreed with the trial court and affirmed. State v. Gutweiler, 06-561 (La.App. 3 Cir. 9/27/06), 940 So.2d 160. We granted this writ to further examine the significant questions raised concerning the appropriate sanctions for the State's breaches of grand jury secrecy. State v. Gutweiler, 06-2596 (La.9/14/07), 963 So.2d 384. For the following reasons, we affirm the lower courts' quashal of the indictment against the defendant, but reverse the ruling prohibiting Dr. John DeHaan and Det. Bobby Sandoval from testifying in any future proceedings against the defendant. We find quashing the indictment was proper for the State's breach of grand jury secrecy, and remand the case to the district court for further proceedings.

FACTS AND PROCEDURAL HISTORY
The Rapides Parish Grand Jury, on April 30, 2002, indicted Amanda Gutweiler, also known as Amanda Hypes, with three counts of first-degree murder in violation of La.Rev.Stat. 14:30. The State has announced its intent to seek the death penalty. The State maintains the defendant deliberately set fire to the family home on January 9, 2001, with the intent to kill her three young children. On May 3, 2002, defendant was arraigned and pleaded not guilty to all charges.
On February 7, 2006, defendant filed a "Motion to Compel Disclosure of Information Regarding Grand Jury Proceedings" (motion to compel), alleging the assistant district attorney confirmed he had released grand jury testimony to Dr. John DeHaan, the State's chief forensic arson expert witness. In the motion, defendant sought an order directing the State to enumerate, with particularity, the names of all persons to whom grand jury testimony or materials had been disclosed and precisely what testimony or materials had been disclosed. Subsequently, the district court granted the motion, ordering the State to provide the defendant with any and all grand jury information used by Dr. DeHaan.
Defendant then filed a motion to quash. The defendant argued the indictment should be quashed for the State's violation of the laws pertaining to grand jury secrecy and further, the State should be prohibited, in any subsequent proceedings, from using any witnesses who have been allowed access to grand jury materials. At the hearing on the motion to quash, the State submitted into evidence a stipulation of facts.
This stipulation provided that at the direction of an assistant district attorney, the State, on April 11, 2002, provided a transcript of Courtney Thomas's November 28, 2001 grand jury testimony to Dr. DeHaan.[2] Dr. DeHaan's receipt of this *473 transcript is reflected in his report dated July 3, 2002. The State provided the transcript of Ms. Thomas's grand jury testimony to Dr. DeHaan in order for him to have a complete understanding of the fuel load (furnishings) of the house, so that he could render an opinion to the grand jury as to the cause and origin of the fire and answer any of their questions in that regard. The assistant district attorney did not apply for or obtain a court order or authorization to release Ms. Thomas's grand jury testimony to Dr. DeHaan. Prior to receiving the grand jury transcript, Dr. DeHaan also reviewed a February 5, 2001 statement given by Ms. Thomas to law enforcement concerning the furnishings of the house. Dr. DeHaan testified before the grand jury on April 25, 2002, approximately six months after the grand jury had been convened. The grand jury returned an indictment on April 30, 2002.
The State further stipulated that in September or October of 2005, it provided the grand jury transcripts of Dalley, Iris and Shanna Maynard (defendant's stepfather, mother, and sister, respectively) to Detective Bobby Sandoval, the State's lead investigator on this case. These transcripts were provided in order to facilitate his investigation of suspicions that perjury had been committed. The transcripts of the Maynards' grand jury testimonies were provided to the defendant on August 12, 2005, to satisfy Brady[3] obligations. The assistant district attorney did not apply for or obtain a court order or other judicial authorization permitting the release of the Maynards' grand jury testimonies to Det. Sandoval.
While the motion to quash was pending the district court's ruling, the State filed a "Motion to Show Compelling Necessity for the Release of Grand Jury Information as Mandated by In re Grand Jury, 98-2277 (La.4/13/99), 737 So.2d 1, with Incorporated Authorities." The district court denied the motion as untimely and moot, as the law requires the compelling necessity to be shown prior to the release of the grand jury information. The court found that the State was requesting permission to show a compelling necessity to release information that had been released four years earlier.
On April 6, 2006, the court rendered its judgment, granting defendant's motion to quash, along with extensive written reasons therefor. The court ruled the State violated the laws of secrecy surrounding grand jury proceedings by releasing a transcript of Ms. Thomas's grand jury testimony to Dr. DeHaan without a hearing and/or court authorization. It rejected the State's argument that Dr. DeHaan was a person having confidential access to information concerning grand jury proceedings and therefore the prosecutor could release the transcript to him after advising him of the duty to keep the testimony secret pursuant to La.Code Crim. Proc. art. 434 A. The court found Dr. DeHaan's status as an expert witness for the State did not qualify him as a person with a general right of access to confidential information concerning grand jury proceedings. The court interpreted article 434 to refer to persons who by law or job duty are directly associated with the conducting of grand jury proceedings, such as the district attorney and his secretarial staff. Although the State argued that as an expert, Dr. DeHaan was allowed to review the grand jury transcript in order to arrive at a conclusion, the court observed the State allowed Dr. DeHaan to review a word-for-word colloquy of that particular grand jury proceeding without prior court approval. The *474 court opined that had the Legislature wanted to make an exception to the grand jury secrecy law for experts, it would have made that exception very clear. It found the release of the grand jury transcript to Dr. DeHaan, especially when other options for the district attorney to proceed fairly and legally existed, violated Louisiana Constitution Article V, § 34(A) and La. Code Crim. Proc. art. 434. The district court observed the prosecution could have acted within the law by either allowing Dr. DeHaan to review its investigative file or moving the court for permission to release the grand jury testimony, in which it would have to carry its burden of showing a compelling necessity.
Additionally, the district court rejected the State's argument that Fed.R.Crim.P. 6(e)(3)(A)(ii), see infra n. 6, is persuasive authority, and that in the federal context, the prosecution could have disclosed information learned through the grand jury process to Dr. DeHaan because Rule 6 allows disclosure of grand jury material to government personnel.
With regard to the release of grand jury transcripts to Det. Sandoval, the court noted two differences between that release and the release to Dr. DeHaan. First, the release of transcripts to Det. Sandoval occurred approximately three and one-half years after the grand jury returned the indictment, whereas the disclosure to Dr. DeHaan occurred before he testified and before an indictment was returned. Second, the release of the transcripts to Det. Sandoval were for the purpose of investigating possible perjury that occurred during grand jury proceedings, whereas Dr. DeHaan reviewed another witness's testimony in reference to the matter pending before the grand jury. The court held, although La.Code Crim. Proc. art. 434 permits the disclosure of testimony for the investigation of perjury, the article clearly provides for disclosure only when permitted by the court, which the prosecution failed to obtain.
In granting defendant's motion to quash the indictment for the State's violation of grand jury secrecy, the district court acknowledged that these particular grounds are not encompassed within La.Code Crim. Proc. art. 533.[4] The court continued by noting it is impossible for the Legislature to foresee every possible scenario before enacting a statute, particularly this scenario. The court found the motion to quash was properly filed pursuant to La.Code Crim. Proc. art. 531[5] and is the only remedy available to the defendant because "it is not possible to un-ring this bell." Rejecting the State's argument that the defendant had not demonstrated she was prejudiced by the State's disclosure of the grand jury testimony, the court found the defendant was not required to show prejudice, *475 relying upon State v. Revere, 232 La. 184, 94 So.2d 25 (1957). Particularly in a capital prosecution, the district court declared it would be easier for the State to re-submit this matter to the grand jury than to rectify the execution of the sentence resulting from an illegal and unjust indictment.
The district court further ruled that Dr. DeHaan and Det. Sandoval are excluded from testifying in any future grand jury proceeding or prosecution of the defendant. The court reasoned that there was no reversing the review of the testimony by Dr. DeHaan and Det. Sandoval, and the possibility of these transcripts persuading or influencing these witnesses could not be remedied.
On appeal by the State, the appellate court affirmed the district court's ruling, essentially accepting the rationale of the district court. In affirming, the court of appeal reasoned that although the rules of evidence do not apply to grand jury proceedings, La.Code Evid. art. 615, which redresses violations of witness sequestration at trial, was helpful and further, that under these circumstances, the only effective sanction listed in La.Code Evid. art. 615 is disqualification. Recognizing that disqualification is a drastic remedy, the appellate court nevertheless upheld the district court's order, finding other remedies would not cure the harm done to the defendant and the inconvenience the exclusion causes the prosecutor does not outweigh that harm. Gutweiler, 06-561 at p. 32, 940 So.2d at 179.
In essence, the State admits it released grand jury testimony without court authority on two occasions, but contends its conduct is not tantamount to violating the secrecy of the grand jury. The State further argues that if it is found in violation of the secrecy of the grand jury, the sanctions imposed by the trial court are not appropriate. While we are not persuaded by the State's first argument, it is the severity of the sanctions, especially the extraordinary sanction of prohibiting these witnesses from testifying in any future grand jury proceedings or prosecution of the defendant, that concern us and prompted this writ grant. Hence, our focus is upon determining whether these sanctions were proper.

DISCUSSION
Louisiana first adopted a statutory rule of grand jury secrecy in 1928, by enacting La. Acts 1928, No. 2, § 1. State v. Poland, 2000-453, p. 4 (La.3/16/01), 782 So.2d 556, 558, n. 5. When the Louisiana Legislature, with the assistance of the Louisiana State Law Institute, revised the Code of Criminal Procedure, the secrecy of grand jury proceedings was codified in Code of Criminal Procedure article 434. Prior to the ratification of the 1974 Constitution, Louisiana's previous constitutions did not contain provisions requiring secrecy of the grand jury proceedings, although they contained articles providing for grand juries. The 1973 Constitutional Convention, in drafting Louisiana's Constitution, specifically provided for the inclusion of language mandating the secrecy of grand jury proceedings. The State's Constitution provides, in pertinent part, "[t]he secrecy of the [grand jury] proceedings, including the identity of the witnesses, shall be provided by law." La. Const. art. V, § 34(A). At the time of the adoption and ratification of the 1974 Constitution, La.Code Crim. Proc. art. 434 provided:
A. Members of the grand jury, all other persons present at a grand jury meeting, and all persons having confidential access to information concerning grand jury proceedings, shall keep secret the testimony of witnesses and all other matters occurring at, or directly connected *476 with, a meeting of the grand jury. However, after the indictment, such persons may reveal statutory irregularities in grand jury proceedings to defense counsel, the attorney general, the district attorney, or the court, and may testify concerning them. Such persons may disclose testimony given before the grand jury, at any time when permitted by the court, to show that a witness committed perjury in his testimony before the grand jury. A witness may discuss his testimony given before the grand jury with counsel for a person under investigation or indicted, with the attorney general or the district attorney, or with the court.
B. Whenever a grand jury of one parish discovers that a crime may have been committed in another parish of the state, the foreman of that grand jury, after notifying his district attorney, shall make that discovery known to the attorney general. The district attorney or the attorney general may direct to the district attorney of another parish any and all evidence, testimony, and transcripts thereof, received or prepared by the grand jury of the former parish, concerning any offense that may have been committed in the latter parish, for use in such latter parish.
C. Any person who violates the provisions of this article shall be in constructive contempt of court.
This article has not been amended or revised since 1972, and is applicable to the matter before us.
As an initial matter, we find the district court correctly determined the State violated the laws mandating secrecy of grand jury proceedings by releasing transcripts of grand jury testimony to Dr. DeHaan and Det. Sandoval without first seeking and obtaining court permission. The State, and the Louisiana District Attorneys Association through its amicus brief, contend the phrase "all persons having confidential access to information concerning grand jury proceedings" includes law enforcement investigators and experts hired by the State and thus, disclosure to Dr. DeHaan and Det. Sandoval did not constitute violation of grand jury secrecy. Neither the State nor the Louisiana District Attorneys Association provides any support for their statutory construction.
Legislative intent is the fundamental question in all cases of statutory interpretation, and rules of statutory construction are designed to ascertain and enforce the intent of the Legislature. Moss v. State, 05-1963, p. 15 (La.4/4/06), 925 So.2d 1185, 1196; State v. Campbell, 03-3035, p. 7 (La.7/6/04), 877 So.2d 112, 117; State v. Piazza, 596 So.2d 817, 819 (La.1992). When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the Legislature. La. Civ.Code art. 9; Pumphrey v. City of New Orleans, 05-979, p. 10 (La.4/4/06), 925 So.2d 1202, 1209. When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. La. Civ.Code art. 10; Pumphrey, 05-979, pp. 10-11, 925 So.2d at 1209; SWAT 24 Shreveport Bossier, Inc. v. Bond, XXXX-XXXX, p. 11 (La.6/29/01), 808 So.2d 294, 302. The meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter, and placing a construction on the provision in question that is consistent with the express terms of the law and with the obvious intent of the Legislature in enacting it. Pumphrey, 05-979 at p. 11, 925 So.2d at 1210; SWAT 24, XXXX-XXXX at p. 11, 808 So.2d at 302.
*477 The State would have us construe the statutory language at issue to permit disclosure of grand jury proceedings to law enforcement investigators and experts hired by the State, contending they are "all persons having access to grand jury proceedings." Even if one were to find the language at issue susceptible of different meanings, the State's interpretation is not the one that best conforms to the purpose of the law. The clear purpose of La.Code Crim. Proc. art. 434 is to mandate the secrecy of witness testimony and all other matters occurring at a convening of the grand jury. Examining other laws on the same subject matter found in Title XII of our Code of Criminal Procedure reveals: that article 431 concerns the oath administered to grand jurors, which requires them to not disclose witness testimony except when authorized by law; that article 440 concerns the oath administered to witnesses, which requires them to keep secret matters they learn of at the grand jury meeting except when authorized by law; and, that article 441 concerns the oath administered to interpreters and persons employed to record the testimony and proceedings to keep secret the grand jury proceedings. In addition, article 433 expressly delineates who is permitted to be present at grand jury sessions. Thus, the first sentence of article 434 obviously refers to (1) the grand jurors, who take an oath pursuant to article 431, (2) all others present at a grand jury meeting, as delineated in article 433, and (3) all persons having access to information concerning grand jury proceedings, such as the deputy or officer posted at the door or the support staff of the district attorney. Considering Title XII in its entirety, we cannot find the phrase at issue can be rationally construed to expand those persons authorized to have access to confidential information concerning grand jury proceedings.
We are buttressed in our interpretation by the 1966 Official Revision Comment to La.Code Crim. Proc. art. 434. Although statements contained in the official comments are not part of the statute and not binding on the court, the comments to a code article represent an extrinsic aid that assists in statutory interpretation. First Nat'l Bank of Picayune v. Pearl River Fabricators, Inc., 06-2195, p. 20 (La.11/16/07), 971 So.2d 302, 314; Terrebonne Parish Sch. Bd. v. Castex Energy, Inc., 04-968, p. 11 (La.1/19/05), 893 So.2d 789, 797; see also State v. Robinson, 423 So.2d 1053, 1056-57 (La.1982). The official comment provides, in pertinent part:
(c) The obligation of secrecy is intended beyond the source provisions of the 1928 Code, to include all persons having confidential access to information concerning grand jury proceedings. This embraces stenographers employed in the district attorney's office and certain deputy sheriffs or clerks. Since some of those persons may not be required to take the oath of secrecy prescribed by Art. 441, it will be incumbent upon the district attorney or the court, as the case may be, to explain the obligation of secrecy to them.
Construing this provision of article 434 in a manner that is logical and consistent with the express terms of the law and the obvious intent of the legislature, we find it cannot be interpreted to mean the district attorney may disclose confidential grand jury proceedings to the investigating law enforcement officers or the State's expert witnesses. Although the prosecutor disclosed the transcripts to Det. Sandoval to facilitate the investigation of possible perjury, the Legislature specifically contemplated the disclosure of testimony to show that a witness committed perjury; article *478 434 provides disclosure for this purpose only when permitted by a court.
Neither do we find convincing the State's argument that Fed.R.Crim.P. 6(e)(3)(A)(ii)[6] is persuasive authority to support disclosure of grand jury transcripts to Dr. DeHaan and Det. Sandoval. Rule 6 is a federal rule that is applicable to criminal procedure in the federal courts. The provision of Rule 6 the State relies upon has not been adopted by the Louisiana Legislature.
Having affirmed the district court's finding the prosecution violated grand jury secrecy, we now turn to the issue of whether the district court properly quashed the indictment for the State's violation.
Quashal of the Indictment
Traditionally, the grand jury is an inquisitorial body charged with determining whether probable grounds for suspicion of a crime exists and, from its very beginning, its sessions have been surrounded by a cloak of seclusion and secrecy that has been jealously guarded and preserved during the intervening centuries as the only means of insuring that it be permitted the freedom of action necessary for a vigorous and effective discharge of its duties. Revere, 94 So.2d at 29. In Poland, supra, this court, in discussing the need for secrecy in grand jury proceedings, quoted from Revere:
The reasons underlying this necessity for secrecy are manyfold. Among them are: (1) It promotes freedom in the disclosure of crime; (2) prevents coercion of grand jurors through outside influence and intimidation and thus permits a freedom of deliberation and opinion otherwise impossible; (3) protects the safety and freedom of witnesses and permits the greatest possible latitude in their voluntary testimony; (4) prevents perjury by all persons appearing before the grand jury; (5) prevents the subornation of perjury by withholding facts that, if known, the accused or his confederates might attempt to disprove by false evidence and testimony; (6) avoids the danger of the accused escaping and eluding arrest before the indictment can be returned; and (7) keeps the good name of persons considered, but not indicted, from being besmirched. Thus it may be seen that the secrecy that has from time immemorial surrounded the grand jury sessions is not only for the protection of the jurors and the witnesses, but for the state, the accused, and, as has been said, for society as a whole.

Poland, 2000-453 at p. 6, 782 So.2d at 559, quoting Revere, 94 So.2d at 29-30.
In Revere, which the appellate court relied upon heavily to support its rationale in this matter before us, this court was confronted with the issue of whether an indictment could be quashed where an unauthorized person was present in the grand jury room, without a showing of prejudice or injury by the accused. A police officer, who had investigated the matter under consideration before the grand jury, was present in the grand jury room to monitor the machine used to record witness testimony. This court held that the appearance *479 of an unauthorized person before a grand jury is sufficient ground for quashing the indictment without the necessity of the accused showing prejudice thereby. Revere, 94 So.2d at 34. The court reasoned the mere presence of an unauthorized person in the grand jury room violates a substantial right of the citizen and cannot be abridged through the subterfuge of shifting to that citizen the burden of proving such an invasion of his substantial right was prejudicial. Revere, 94 So.2d at 32-33. Although the unauthorized person denied he had in any way conducted himself in a manner that would have prejudiced the rights of the accused, the defendant had no way of contravening that statement under our statutory restrictions. Revere, 94 So.2d at 33. Where the Legislature had not made prejudice a material determinant, this court would not write it into the law. Revere, 94 So.2d at 33-34, citing People v. Minet, 296 N.Y. 315, 73 N.E.2d 529, 532 (1947). It is not the fact that prejudice actually resulted that is of primary and vital concern, but that an opportunity was made possible to exert prejudice and influence on members of the grand jury that must be guarded against. Revere, 94 So.2d at 33. Thus, this court held the indictment was properly quashed without the necessity of the accused showing he was prejudiced by the State's violation of grand jury secrecy.
As La.Code Crim. Proc. art. 434 sets forth, grand jury proceedings in this state as a general proposition are secret. State v. Terrebonne, 256 La. 385, 236 So.2d 773, 775 (1970). Specific safeguards to maintain this secrecy are contained in article 431, which requires an oath of grand jurors to keep secret the grand jury proceedings and not to disclose witness testimony except when authorized by law, in article 440, which requires an oath of witnesses to keep secret matters learned of at the grand jury meeting except when authorized by law, and in article 441, which requires an oath of interpreters and transcribers to keep secret the grand jury proceedings. To further assure the secrecy of grand jury proceedings only certain persons specifically authorized by law may be present at its sessions, pursuant to article 433. Terrebonne, 236 So.2d at 775.
This court has long recognized the strong public policy in favor of maintaining the secrecy of grand jury proceedings. In re Grand Jury, 98-2277, p. 7 (La.4/13/99), 737 So.2d 1, 8; State v. Trosclair, 443 So.2d 1098, 1103 (La.1983), cert. dismissed, 468 U.S. 1205, 104 S.Ct. 3593, 82 L.Ed.2d 889 (1984). Generally, La.Code Crim. Proc. art. 434 prohibits the divulgence of testimony and other matters occurring during grand jury meetings, but permits disclosure in four situations: First, after the indictment, members of the grand jury and other persons present may reveal statutory irregularities in grand jury proceedings to defense counsel, the attorney general, the district attorney or the court; second, a court may direct disclosure of testimony given before the grand jury to show that a witness committed perjury in his testimony before the grand jury; third, a witness may discuss his testimony with attorneys for the State and for the person under investigation or indicted, without court permission; and fourth, the foreman of a grand jury that discovers a crime may have been committed in another parish, after notification to his district attorney, shall make that discovery known to the attorney general, and the district attorney or attorney general may direct any relevant evidence and testimony to the district attorney of another parish. In re Grand Jury, 98-2277 at p. 7, 737 So.2d at 8; see also Trosclair, 443 So.2d at 1102-03. The State's disclosure of witness testimony to Dr. DeHaan and Det. Sandoval did not fall *480 within the parameters of any of the disclosure provisions set forth above.
The State avers the lower courts should not have relied upon Revere, as not every violation of grand jury secrecy requires quashing of the indictment. Essentially the State argues that, if Dr. DeHaan's testimony was rendered facially illegal by the release of a witness's testimony to him before his grand jury appearance, La.Code Crim. Proc. art. 442 provides no indictment shall be quashed on the ground it was based on illegal evidence. We find the State's argument is misplaced. We disagree that article 442 is applicable to the matter before us, where the State released a witness's grand jury testimony to another witness prior to his testifying before the grand jury. The breach here is violating the secrecy of the grand jury, not that the evidence was illegally obtained. Article 442 provides:
A grand jury shall hear all evidence presented by the district attorney. It may hear evidence for the defendant, but is under no duty to do so.
When the grand jury has reason to believe that other available evidence will explain the charge, it should order the evidence produced.
A grand jury should receive only legal evidence and such as is given by witnesses produced, or furnished by documents and other physical evidence. However, no indictment shall be quashed or conviction reversed on the ground that the indictment was based, in whole or in part, on illegal evidence, or on the ground that the grand jury has violated a provision of this article.
In State v. Walker, 567 So.2d 581 (La. 1990), we addressed whether the district court properly quashed the indictment where an assistant district attorney, without informing defendant he was a suspect in a criminal investigation and without defendant's attorney's knowledge or consent, obtained information and documents from defendant that allegedly led to his indictment. The defendant asserted this prosecutorial misconduct violated his right to counsel under the federal and state constitutions and violated the Rules of Professional Conduct. The gravamen of defendant's motion to quash was that he was indicted on the basis of evidence that was illegally obtained. Walker, 567 So.2d at 584. This court held the remedy of quashing the indictment was not justified either on constitutional grounds or under this court's supervisory power to dismiss indictments in order to prevent prosecutorial impairment of the grand jury's independent role. Id. at 587. Indictments are generally not dismissed merely because of prosecutorial misconduct in presenting inadmissible evidence to the grand jury. Id. at 586. In addition to Walker, the State relies upon Robinson, supra, wherein this court held even if a defendant was not given Miranda warnings prior to testifying before the grand jury, the indictment was not subject to being quashed for that reason, pursuant to La.Code Crim. Proc. art. 442. Robinson, 423 So.2d at 1057. The State avers that article 442, Walker, and Robinson prohibit the quashing of the indictment for the release of grand jury testimony to Dr. DeHaan and Det. Sandoval.
We find that La.Code Crim. Proc. art. 442 and jurisprudence construing that article are not applicable to the issue before us: whether an indictment is properly quashed without a showing of prejudice by the defendant for violation of grand jury secrecy. It is not the illegality, vel non, of evidence before the grand jury that is at issue. Rather, the issue is the violation of La. Const. art. V, § 34(A) and La.Code Crim. Proc. art. 434 mandating grand jury secrecy. We require demonstrable prejudice *481 to quash an indictment on the ground that it was based on illegal evidence because to permit such a challenge would allow the accused in every case to "insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury" resulting in "interminable delay but add[ing] nothing to the assurance of a fair trial." Walker, 567 So.2d at 584, quoting Costello v. United States, 350 U.S. 359, 363-64, 76 S.Ct. 406, 408-09, 100 L.Ed. 397 (1956). "[T]he administrative disadvantages of allowing defendants generally to challenge the evidence supporting grand jury indictments (thereby opening grand jury transcripts for inspection and permitting minitrials of indictments) usually outweigh the value of eliminating an unwarranted prosecution at the screening stage, especially in the absence of prejudice to the defendant." Walker, 567 So.2d at 586. Moreover, the exclusionary rule adequately protects the defendant against the use of objectionable evidence at his trial without the court's having to retry every indictment on a motion to quash. Id.
However, in Revere this court held the defendant is not required to show prejudice or injury in order to have an indictment quashed for the State's violation of grand jury secrecy because it would be impossible for the accused to prove the injury before the trial. Revere, 94 So.2d at 33. It is not the fact whether prejudice actually resulted that is of primary and vital concern, but that an opportunity was made possible to exert prejudice and influence on members of the grand jury that must be guarded against. Id. The disclosure of the transcript of a witness's grand jury testimony to another witness, prior to his testimony, is a violation of grand jury secrecy no different than that of the presence of an unauthorized person in the grand jury room, and can require quashal of the indictment without the necessity of the accused showing prejudice or injury thereby. A court faced with the question of determining whether to relax the secrecy of the grand jury proceedings should recognize that if the secrecy requirement is regarded lightly it may foster the very practices which the grand jury functions to avoid. Revere, 94 So.2d at 30.
Because a defendant is not required to show prejudice or injury to have an indictment quashed for a violation of grand jury secrecy, the State's argument that the release of grand jury information to Det. Sandoval did not affect the grand jury process is without efficacy. The obligation of secrecy is required even after the indictment has been found, the indicted in custody and the grand jury discharged. See, Terrebonne, 236 So.2d at 777.
Considering the strong public policy underlying the Legislature's mandate of secrecy in grand jury proceedings, as recognized in our jurisprudence, we find the State's release of grand jury materials to Dr. DeHaan was sufficient by itself to quash the indictment. Thus, it is not necessary to discuss whether the indictment should also be quashed because of the release of grand jury materials to Det. Sandoval, over three years after the indictment was returned, without court permission. However, we do comment that our law requires court permission to disclose grand jury testimony for purposes of perjury investigation, La.Code Crim. Proc. art. 434 A, and admonish the State that its action in this regard was extra jus, however well intentioned. We now turn to the challenging issue of whether these witnesses should be prohibited from testifying in any future proceeding in the prosecution of the defendant.
Exclusion of Testimony
In moving to quash the indictment, defendant also argued the State *482 should be precluded from using the witnesses who had been allowed access to grand jury materials in any subsequent grand jury proceeding or prosecution of defendant. Defendant contended that unless these witnesses are excluded from testifying, there is no adequate remedy for the wrong committed by the State. The district court agreed. In granting this extraordinary relief, the district court found the possibility of these transcripts persuading or influencing these witnesses could not be remedied.
The appellate court correctly observed this aspect of the district court's ruling has no support in the sparse jurisprudence addressing the improper disclosure of grand jury transcripts. The court of appeal looked to La.Code Crim. Proc. art. 3, which provides "[w]here no procedure is specifically prescribed by this Code or by statute, the court may proceed in a manner consistent with the spirit of the provisions of this Code and other applicable statutory and constitutional provisions." It also relied upon La.Code Crim. Proc. art. 17:
A court possesses inherently all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue such writs and orders as may be necessary or proper in aid of its jurisdiction. It has the duty to require that criminal proceedings shall be conducted with dignity and in an orderly and expeditious manner and to so control the proceedings that justice is done. A court has the power to punish for contempt.
Therefore, the court reasoned, "if the only way to ensure that justice is done is to keep Dr. DeHaan and Det[.] Sandoval from testifying in any future criminal proceedings relating to the prosecution of [d]efendant, then the district court was acting well within its authority when it issued the prohibition." Gutweiler, 06-561 at p. 30, 940 So.2d at 178. The court of appeal, although acknowledging that the rules of evidence do not apply to grand jury proceedings, also found it helpful to look to the sanctions provision of La.Code. Evid. art. 615, which redresses violation of witness sequestration at trial, and further found, under these circumstances, the only effective sanction listed in article 615 is disqualification. Recognizing that disqualification is a drastic remedy, the appellate court nevertheless upheld the district court's order, finding other remedies would not cure the harm done to the defendant and the inconvenience the exclusion causes the prosecutor does not outweigh that harm. Gutweiler, 06-561 at p. 32, 940 So.2d at 179.
We find the trial court abused its discretion in further sanctioning the State by prohibiting these witnesses from testifying in any future grand jury proceeding or prosecution of the defendant. The trial court implicitly analogized to the long standing exclusionary rule suppressing evidence and statements obtained in violation of the Fourth and Fifth Amendments to the United States Constitution by referring to "the fruit of the poisonous tree." In this respect, the trial court fell into error. We recognize the trial court was faced with a difficult situation in an area of the law with sparse jurisprudence. In addressing this aspect of the sanctions, it is important to note that the State's violation concerns a breach of grand jury secrecy and does not involve illegal evidence. However, the court must guard against the possibility of any opportunity to exert prejudice or influence on members of the grand jury, that may have resulted from the breach of secrecy. After a careful study, we conclude that quashing the indictment was sufficient to cure any potential prejudicial effect as a result of the *483 State's breach of secrecy. There is no support to find the disclosure of these transcripts rises to the level of a violation of a defendant's rights under the Fourth and Fifth Amendments; the testimonies disclosed are not "fruit of the poisonous tree." Simply stated, the testimonies released were not evidence that was illegally obtained. Quashal of the indictment was sufficient.
Significantly we observe that Ms. Thomas's appearance before the grand jury did not place her beyond further questioning by the State and its expert. Dr. DeHaan could have queried Ms. Thomas and asked her to elaborate on the February 5, 2001 statement she made to the police. See La.Code Crim. Proc. art. 434, Off'l Rev. Comment (b) ("The secrecy required of a witness appearing before the grand jury does not preclude the witness from discussing his knowledge of the facts of a case with defense counsel, or with anyone else.") Thus, although we will uphold the quashal of the indictment for the State's violation of grand jury secrecy for providing the transcript of Ms. Thomas's testimony to Dr. DeHaan, this violation certainly does not provide support for the prohibition of Dr. DeHaan's future testimony in any future proceedings, a remedy unknown in any jurisdiction nationwide. Extensive and diligent research has failed to reveal this extraordinary relief ever being imposed.
Nor is there any support for prohibiting Det. Sandoval's future testimony. First and foremost, the State's breach of secrecy with this witness occurred over three years after the indictment was returned by the grand jury. We note the three witnesses whose grand jury testimonies Detective Sandoval reviewed are not direct alibi witnesses according to the State; the record shows they are the mother, stepfather and sister of the defendant and all live out of state. Moreover, defendant was provided these same transcripts on August 12, 2005, prior to the State providing them to Det. Sandoval.[7] There is simply nothing in the facts, at this time, or the law, to support prohibiting Det. Sandoval's testimony in any future proceedings.
In affirming this ruling by the trial court excluding the future testimony of these witnesses, the court of appeal supported its decision by relying upon La. Code of Criminal Procedure articles 3 and 17. While it is within the inherent authority of courts to fashion remedies that promote the orderly and expeditious administration of justice where the law is silent, State v. Mims, 329 So.2d 686, 688 (La. 1976), the court abused its discretion in fashioning this remedy of prohibiting these witnesses from testifying in any future proceedings. It has long been held that an indictment should be quashed for the State's violation of grand jury secrecy without the defendant having to show prejudice or injury, Revere, supra, a jurisprudential rule well established at the time the Legislature revised the Code of Criminal Procedure in 1966. In addition, the Code provides that anyone who violates the secrecy of the grand jury shall be in *484 constructive contempt of court. La.Code Crim. Proc. art. 434 C. This is not a situation where the law is silent, thus permitting the court to exercise its inherent authority to promote the administration of justice. Mims, 329 So.2d at 688 (Trial court was not required to hold its business in abeyance where prosecution's witnesses were unavailable, but erred in entering a verdict of not guilty where other alternatives were available.) The court of appeal erred in finding support from La.Code Crim. Proc. arts. 3 and 17 for this unusual res nova remedy.
Finally, we address the State's contention that the exclusive remedy allowed for a violation of La.Code Crim. Proc. art. 434 is constructive contempt pursuant to paragraph C. La.Code Crim. Proc. art. 434 C ("Any person who violates the provisions of this article shall be in constructive contempt of court.") To the contrary, article 434 does not remove the court's discretion to quash an indictment for a violation of its provisions. The Legislature is presumed to have enacted a statute in light of the preceding statutes involving the same subject matter and court decisions construing those statutes. Hamp's Constr., L.L.C. v. City of New Orleans, 05-489, p. 9 (La.2/22/06), 924 So.2d 104, 110; New Orleans Rosenbush Claims Serv., Inc. v. City of New Orleans, 94-2223, p. 11 (La.4/10/95), 653 So.2d 538, 544. Thus, the Legislature is presumed to have enacted the revised Code of Criminal Procedure fully cognizant of this court's decision in Revere, which held an indictment is properly quashed where grand jury secrecy has been violated. Moreover, as the Legislature specifically provided that no indictment shall be quashed on the ground that illegal evidence was presented to the grand jury, La.Code Crim. Proc. art. 442, it surely could have included such a prohibition in article 434. Under our rules of statutory construction, there is no support to find the Legislature expressed the sole remedy permitted for a violation of article 434 is contempt of court. Had the Legislature intended that legislation would not permit an indictment to be quashed for a violation of grand jury secrecy, it surely would have expressly provided.

CONCLUSION
In conclusion, we find the prosecution's release of the transcript of grand jury testimony to the State's expert witness, Dr. DeHaan, prior to Dr. DeHaan testifying before the grand jury, was a violation of La.Code Crim. Proc. art. 434. The district court did not abuse its discretion, nor act in derogation of legislation, by quashing the indictment for this violation without requiring the defendant to show prejudice by the violation. The primary concern is not whether defendant was prejudiced by the breach of secrecy, but that an opportunity was provided to exert prejudice and influence on the grand jury members, which we must vigilantly guard against.
It was unnecessary for the State to violate La.Code Crim. Proc. art. 434 by its action of disseminating transcripts of grand jury testimony. If the State's expert needed more information regarding the fuel load than was available from Ms. Thomas's statement to law enforcement, although article 434 prohibits a witness from discussing her testimony except with counsel or the court, there was no legal impediment keeping Dr. DeHaan from interviewing Ms. Thomas.
Nonetheless, we find the lower courts erred in prohibiting Dr. DeHaan and Det. Sandoval from testifying in any future grand jury proceeding or prosecution because of the State's violation of grand jury secrecy. Under the circumstances of this *485 case, the remedy of quashing the indictment is adequate to redress the State's violation of grand jury secrecy and to preserve the strong public policy in favor of maintaining the secrecy of grand jury proceedings.[8]

DECREE
For the foregoing reasons, the judgment of the court of appeal is affirmed in part and reversed in part. The decision is affirmed insofar as it holds the indictment was properly quashed for the State's violation of grand jury secrecy by the release of a witness's grand jury transcript to its arson expert witness; the ruling prohibiting Dr. John DeHaan and Det. Bobby Sandoval from testifying in any future grand jury proceedings or prosecution of the defendant is reversed. This case is remanded to the district court for further proceedings consistent with the views expressed in this opinion.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
VICTORY, J., dissenting in part and concurring in part.
I dissent from that part of the majority opinion which upholds the quashal of the indictment without a showing of prejudice. In my view, the seminal case relied upon by the majority, State v. Revere, 232 La. 184, 94 So.2d 25 (1957), should be overruled insofar as it holds that a defendant does not have to show prejudice in order to have an indictment quashed for a violation of grand jury secrecy.
At the time it was decided, Revere was the minority view of the jurisdictions across the nation for good reason.[1] My views concerning the faultiness of Revere need not be discussed here since I agree for the most part with Mr. Justice McCaleb's learned dissent in that case.
Therefore, I respectfully dissent from that part of the majority opinion affirming the quashal of all of the indictment, but concur in that part of the opinion allowing the witnesses to testify in future proceedings.
JOHNSON, Justice, concurs in part, dissents in part and will assign reasons.
VICTORY, Justice, concurs in part and dissents in part and assigns reasons.
TRAYLOR, Justice, concurs in part and dissents in part for reasons assigned by VICTORY, J.
NOTES
[1] Additionally, the court found it was required to hold the assistant district attorney in constructive contempt, pursuant to La.Code Crim. Proc. art. 434, for violating the provisions of that article. The court ordered a show cause hearing to be set upon completion of appellate review.
[2] Courtney Thomas babysat the defendant's three children at the Gutweiler home on January 8, 2001, the day before the fire.
[3] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)(suppression by the prosecution of exculpatory materials violates due process).
[4] La.Code Crim. Proc. art. 533 provides:

A motion to quash an indictment by a grand jury may also be based on one or more of the following grounds:
(1) The manner of selection of the general venire, the grand jury venire, or the grand jury was illegal.
(2) An individual grand juror was not qualified under Article 401.
(3) A person, other than a grand juror, was present while the grand jurors were deliberating or voting, or an unauthorized person was present when the grand jury was examining a witness.
(4) Less than nine grand jurors were present when the indictment was found.
(5) The indictment was not indorsed "a true bill," or the endorsement was not signed by the foreman of the grand jury.
[5] La.Code Crim. Proc. art. 531 provides:

All pleas or defenses raised before trial, other than mental incapacity to proceed, or pleas of "not guilty" and of "not guilty and not guilty by reason of insanity," shall be urged by a motion to quash.
[6] Fed.R.Crim.P. 6(e)(3)(A)(ii) provides:

* * *
Disclosure of a grand-jury matter  other than the grand jury's deliberations or any grand juror's vote  may be made to:
* * *
(ii) any government personnel  including those of a state, state subdivision, Indian tribe, or foreign government  that an attorney for the government considers necessary to assist in performing that attorney's duty to enforce federal criminal law; . . .
* * *
[7] According to the State's stipulation of fact, these transcripts were provided to the defendant to satisfy Brady obligations. Where a defendant makes a specific request stated with particularity, the trial judge may review grand jury transcripts in camera to determine if they contain information favorable to the accused. State v. Higgins, 03-1980, p. 35 (La.4/1/05), 898 So.2d 1219, 1241, cert. denied, 546 U.S. 883, 126 S.Ct. 182, 163 L.Ed.2d 187 (2005); Trosclair, 443 So.2d at 1103; State v. Peters, 406 So.2d 189, 191 (La. 1981). The record before us does not show that these transcripts were provided to the defendant with court approval.
[8] By this finding, we are not commenting on the merits of the constructive contempt proceeding pending against the assistant district attorney in the district court.
[1] See Baxley v. Strawbridge 292 Ala. 506, 296 So.2d 784 (1974) for criticism of Revere.