WEIMER, J.,
dissenting.
hi respectfully dissent from the majority opinion condoning the state’s use at trial of the grand jury testimony of an eyewitness in the face of Louisiana’s long-standing policy, evidenced through its positive law, of protecting the secrecy of grand jury proceedings.
As the majority opinion acknowledges, secrecy is indispensable to the proper functioning of the grand jury system. While the reasons supporting this secrecy have been well catalogued and oft-quoted, the policy and goals supporting the need for secrecy bear repetition. As the court explained almost sixty years ago:
The reasons underlying this necessity for secrecy are manyfold. Among them are: (1) It promotes freedom in the disclosure of crime; (2) prevents coercion of grand jurors through outside influence and intimidation and thus permits a freedom of deliberation and opinion otherwise impossible; (3) protects the safety and freedom of witnesses and permits the greatest possible latitude in their voluntary testimony; (4) prevents perjury by all persons appearing before the grand jury; (5) prevents the subornation of perjury by withholding facts that, if known, the accused or his confederates might attempt to disprove by false evidence and testimony; (6) avoids the danger of the accused escaping and eluding arrest before the indictment can be returned; and (7) keeps the good names of the persons considered, but not indicted, from being besmirched. Thus it may be seen that the secrecy that has from time immemorial surrounded the *942 grand jury sessions is not only for the protection of the jurors and the witnesses, but for the state, the accused, and, as has been said, for society as a whole.
State v. Revere, 232 La. 184, 195, 94 So.2d 25, 29-30 (La.1957).
lain Louisiana, the secrecy of grand jury proceedings is enshrined in the constitutional mandate that “[t]he secrecy of the proceedings, including the identity of witnesses, shall be provided by law.” La. Const, art. V, § 34(A). This constitutionally mandated goal of grand jury secrecy has been effectuated by the legislature through the enactment of Code of Criminal Procedure article 434. That article directs that the testimony of witnesses and all other matters occurring at, or directly connected with, a meeting of the grand jury shall be kept secret,[1] with the exception of four specifically enumerated situations.[2] In other words, La.C.Cr.P. art. 434 provides “a broad, but emphatic requirement that ‘all matters’ before the grand jury be kept secret.” State v. Terrebonne, 256 La. 385, 236 So.2d 773, 776 (1970). The article provides for exceptions to the rule of secrecy, but those exceptions are limited. Only if one of the four circumstances described in the article arises is the veil of secrecy lifted. In this case, there is no dispute that the State’s use of the grand jury testimony of the eyewitness at defendant’s trial does not fall under any of the exceptions to secrecy enumerated in La. C.CrJP. art. 434.
Recognizing the lack of statutory authority for the use of the eyewitness’s grand jury testimony at trial, the majority expands the lone jurisprudential exception that has been carved out to grand jury secrecy — the acknowledgment in State v. Peters, 406 |sSo.2d 189, 191 (La.1981), that due process concerns may override state policy and dictate disclosure of material exculpatory evidence, including impeachment evidence, to a defendant — to adopt a so-called “compelling necessity test.” State v. Ross, 13-0175, p. 10 (La. 3/25/14), 144 So.3d 932. In employing this test to further erode the secrecy of grand jury proceedings beyond the limited disclosure that has been permitted to defendants claiming a due process right to material exculpatory evidence and, in the process,to sanction the use of the eyewitness’ grand jury testimony at trial as substantive evidence of defendant’s guilt, the majority overrules a line of jurisprudence, dating from Terrebonne,. supra, which holds that the testimony of a witness before a grand jury is inadmissible to prove the witness’s prior inconsistent statement at trial. See also, State v. Sheppard, 350 *943 So.2d 615, 6B0 (La.1977); State v. O’Blanc, 346 So.2d 686, 693 (La.1977); State v. Ivy, 307 So.2d 587, 592 (La.1975). However, this line of cases, which the majority casts aside, is founded on the principle that grand jury secrecy is mandated by positive law and unless dispensed with by a clear and specific legislative mandate, that secrecy must prevail. As the Terrebonne court reasoned in interpreting La.C.Cr.P. art. 434, while “[i]t is inevitable that ... the requirements of secrecy must come in conflict with one or more of the many demands of the law,” nevertheless, “[i]n the face of these conflicts the tradition of the law requires that secrecy must prevail, unless it be dispensed with by a clear and specific legislative mandate.” Terrebonne, 236 So.2d at 777. In other words, in the absence of a legislative mandate dispensing with the secrecy requirement, that secrecy must be upheld. Such a holding is entirely consistent with civilian tradition recognizing legislation as superior to any other source of law. See, La. C.C. art. 1, Comments (c). In Louisiana, “legislation is the solemn expression 14of the legislative will,”[3] a will which may only yield when, as noted in Terrebonne, legislatively mandated or, as in the case of the material exculpatory evidence at issue in Peters, constitutionally required.
Following Terrebonne, and for nearly half a century, this court has steadfastly adhered to the policy of strict statutory construction and, as a result, strict grand jury secrecy, condoning the state’s use of a witness’s grand jury testimony in only a single case, State v. Poland, 00-0453 (La.3/16/01), 782 So.2d 556, which is factually and legally distinguishable from the present one.[4] Today, this court departs from that policy, choosing to expand the “compelling necessity” showing which has heretofore only been used to vindicate the constitutional rights of a defendant and, in the process, eroding the constitutionally enshrined secrecy of grand jury proceedings. It does so in the absence of a legislative mandate because the legislature, which is presumed to be aware of the interpretation given to La.C.Cr.P. art. 434 by the jurisprudence, did not attempt to amend the article to authorize the use of grand jury testimony under the circumstances presented here prior to the date of defendant’s trial. See, Borel v. Young, 07-0419, pp. 9-10 (La.11/27/07), 989 So.2d 42, 58 (on rehearing) (“[W]e presume that the legislature was aware of the interpretation that had been given to the statute by the jurisprudence.”). This court departs from strict secrecy, despite well settled rules of statutory construction which dictate that when the wording of a law is clear and unambiguous, the letter of it shall not be disregarded under the pretext of 1 r,pursuing its spirit. See, La. R.S. 1:4; see also, La. C.C. art. 9; La. R.S. 24:177(B)(1); State v. Gutweiler, 06-2596, p. 9 (La.4/8/08), 979 So.2d 469, 476. The clear and unambiguous language of La.C.Cr.P. art. 434 simply does not warrant the juris *944 prudential gloss the majority imposes upon its text.
Moreover, the expansion of the “compelling necessity” test is not only unauthorized by law, it is unnecessary for purposes of this case, for as Judge Love points out in her dissent in the court of appeal, the eyewitness’s grand jury testimony was largely cumulative of the testimony provided by Detective Pardo and assistant district attorney Parker and of the recorded statement of the eyewitness himself which was played to the jury. The jury, thus, had before it ample evidence, including the eyewitness’s own obstreperous behavior on the stand, to support the conclusion that the eyewitness was a turncoat and there was no “compelling necessity” for the admission of his grand jury testimony, even should such a test be applied. In short, the majority opinion breaches the constitutionally mandated veil of secrecy accorded to grant jury proceedings, ignores the statutory limitations imposed on lifting that veil, and overrules longstanding jurisprudence, and it does so needlessly.
With its decision today, the majority seems to have taken a step on the “slippery slope” that Justice Kimball cautioned against in her dissent in Poland, 00-0453 at 3, 782 So.2d at 562, (Kimball, J., joined by Calogero, C.J., dissenting), for it is surely questionable whether, in the future, a witness to a crime will voluntarily appear before a grand jury without the protection of secrecy guaranteed by positive law, now eroded by jurisprudential fíat.

. Thus, the first sentence of La.C.Cr.P.art. 434(A) provides: "Members of the grand jury, all other persons present at a grand jury meeting, and all persons having confidential access to information concerning grand jury proceedings, shall keep secret the testimony of witnesses and all other matters occurring at, or directly connected with, a meeting of the grand jury.” (Emphasis added.)

. Those situations are as follows: (1) after the indictment, members of the grand jury and other persons present may reveal statutory irregularities in grand jury proceedings to defense counsel, the attorney general, the district attorney or the court; (2) a court may direct disclosure of testimony given before the grand jury to show that a witness committed perjury in his testimony before the grand jury; (3) a witness may discuss his testimony with attorneys for the state and for the person under investigation or indicted, without court permission; and (4) the foreman of a grand jury that discovers a crime may have been committed in another parish, after notification to his district attorney, shall make that discovery known to the attorney general, and the district attorney or attorney general may direct any relevant evidence and testimony to the district attorney of another parish. See, La.C.Cr.P. art. 434(A) and (B).

. La. C.C. art. 2.

. In Poland, 00-0453 at 2, 782 So.2d at 557, the court reasoned that exclusion of the defendant’s testimony before the grand jury, given knowingly and voluntarily and in the presence of his attorney, would not undermine the purposes of grand jury secrecy. Poland involved a unique factual scenario that has no application here. In this matter, the eyewitness was not, unlike the witness in Poland, a target of the grand jury investigation, but a non-target witness, whose willingness to come forward and voluntarily testify would, in light of the evidence suggesting that the eyewitness may have justifiably feared going public with his accusations against a reputed gang member, certainly have been affected had the veil of grand jury secrecy not been afforded.