# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 10-276


**STATE OF LOUISIANA**

**VERSUS**

**MARK B. BRIGNAC**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 06-231568
HONORABLE PAUL JOSEPH DEMAHY, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**BILLY HOWARD EZELL**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Jimmie C. Peters, Billy Howard Ezell, and Shannon J. Gremillion, Judges.


**AFFIRMED.**


**J. Phillip Haney**
**District Attorney**
**300 Iberia Street, Suite 200**
**New Iberia, LA 70560**
**(337) 369-4420**
**Counsel for Plaintiff/Appellant:**
**State of Louisiana**

**James Kirk Piccione**
**Piccione & Piccione**
**P. O. Box 3029**
**Lafayette, LA 70502**
**(337) 233-9030**
**Counsel for Defendant/Appellee:**
**Mark B. Brignac**

**Renee M. Louviere**
**Jeffrey J. Trosclair**
**Assistant District Attorney, Sixteenth Judicial District Court**
**500 Main Street, 5th Floor**
**Franklin, LA 70538**
**(337) 828-4100**
**Counsel for Plaintiff/Appellant:**
**State of Louisiana**

**EZELL, JUDGE.**

On August 7, 2006, the State filed a bill of information charging Defendant, Mark B. Brignac, with stalking, a violation of La.R.S. 14:40.2. Arraignment took place on September 18, 2006. At that time, Defendant received notice in open court of a number of court dates, including a pre-trial conference set for October 31, 2006. On the latter date, Defendant was not present, nor was any counsel present on his behalf. The State moved to continue the matter without date.

The court convened on November 16, 2006; again, neither Defendant nor his counsel were present. The State moved to continue the case, setting various matters, such as a plea date and a trial date, for August and September 2007. Proceedings on September 11, 2007, were similar to the previous two dates, and the State moved to continue the case until October 2007. In October, the pattern repeated, and the State moved to continue to January 2008, with a motion date in December 2007. On January 9, 2008, the State moved to continue without date.

On January 14, 2008, as on the previous dates, Defendant and counsel were not present. The State moved to continue the matter, setting a number of dates for 2008, including a plea date of February 28, and a trial date of March 10. The State advised the court it would contact Defense counsel to have Defendant appear for service. The trial court conducted a pretrial conference on February 26, 2008; Defendant appeared with new counsel, Kirk Piccione, who enrolled at that time. On joint motion by the parties, the court set new dates, including another pretrial conference date, April 22, 2008. The court reconvened on that date, and Defendant moved for a continuance. The court set another new pretrial conference date, August 19, and set the trial date as September 2, 2008.

On August 19, 2008, the case was again continued, this time on joint motion. On October 20, on motion of the State, it was continued without date. Court did not

1

convene again until January 15, 2009; neither Defendant nor counsel were present. On motion of the State, the matter was again continued. On February 9, the case was continued by joint motion; Defendant received notice in open court. The case was again continued, this time on Defendant's motion, on April 20, 2009.

On May 26, 2009, the court held a hearing on Defendant's motion to enforce an alleged plea agreement. Defendant sought dismissal of the instant charge, but the trial court denied the motion. On June 22, the case was again continued, on Defendant's motion. The matter was continued on Defense motion in August. In October, the matter was again continued on a Defense motion. Defendant was not present, but the court allowed Piccione to take service on his behalf.

On November 30, 2009, the court heard Defendant's motion to quash, which was based upon the expiration of the statutory time limit to bring the charge to trial. After hearing argument, the court granted the motion.

The State now appeals, assigning two errors.

## PROCEDURAL NOTE

Although the trial court found this case involved a misdemeanor, appeal is still proper. The State may appeal adverse rulings on motions to quash and/or pleas of time limitation. La.Code Crim.P. art. 912(B)(1)and (2). Also, La.Const. art. 5 § 10(A) grants this court jurisdiction in cases triable by jury. Since La.R.S. 14:40.2(B)(1)(a) allows for a possible one-year sentence, this case was triable by jury. La.Code Crim.P. art. 779. *See State v. Barr*, 00-1787 (La. 3/9/01), 781 So.2d 1249.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. We note that the present appeal, unlike most appeals, was filed by the State rather than Defendant. We find that Article 920, read

literally, requires an error patent review in *all* appeals.[1]  Thus, we reviewed the present record for errors patent.  After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR NUMBER ONE

In its first assignment of error, the State argues that the trial court should not have addressed the question of whether the present charge is a misdemeanor or a felony.  In the State's view, the issue should have been decided by a jury.  It claims that when it filed the bill of information with the district court clerk's office, it attached a cover letter indicating that this case was a felony.  Also, it states that in February 2009, the trial court issued a "Felony Pre-trial Order" in the case.  Further, the State contends the case was scheduled in a manner indicating that it was a felony.


The core of the assignment appears to be the State's argument (also made at the hearing below) that a jury should have decided whether the charge was a misdemeanor or a felony.  This argument is based upon cases related to sentencing, such as *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428 (2002), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000).  As the State notes, the gist of these cases is that if an increase in punishment is contingent upon a finding of fact, that fact must be found by a jury.

Such an issue is of a completely different *genera* than the one at hand.  This is illustrated, at least in part, by the impracticality of applying the *Apprendi/Ring* principle to a pre-trial matter such as the present one.  Where time limitations are at issue, the question of whether a charge is a misdemeanor or a felony may often arise.  Pursuant to La.Code Crim.P. art. 578, trial in a noncapital felony case must be

---

[1]*State v. Gutweiler*, 06-561 (La.App. 3 Cir. 9/27/06), 940 So.2d 160, *writ granted, judgment affirmed in part, reversed in part on other grounds*, 06-2596 (La. 4/8/08), 979 So.2d 469.

commenced within two years of the institution of prosecution, while in a misdemeanor case, the trial must be commenced within one year.

Obviously, a plea of time limitation is a *legal* question that must be resolved by a judge, rather than a lay jury. Similarly, the question of whether a particular offense is a misdemeanor or a felony, is one that must be resolved relative to issues such as time limitation, availability of appeal, or whether a defendant is entitled to a jury. In such contexts, it is a matter of *legal* classification, and thus not a question for a jury.

As La.Code Crim.P. art. 577 explains, in pertinent part, "The issue that a prosecution was not timely instituted may be raised at any time, but only once, and shall be tried *by the court alone*. If raised during the trial, a hearing thereon may be deferred until the end of the trial." (Emphasis added).

For the reasons discussed, we find that in the context of resolving the time limitation issue, the classification of the present offense as either felony- or misdemeanor-grade was for the court, not the jury.

Further, the trial court's classification of the offense as a misdemeanor was correct. The language in the bill of information contains only the basic language of La.R.S. 14:40.2(A), which sets forth the elements common to both grades of stalking. Further, at the hearing on the motion to quash, the State conceded that the grade of the offense was the only issue to be resolved. Nonetheless, it relied only on argument and made no *showing* that the offense was felony-grade. The prosecutor did not make any assertion that the State had evidence that would have made the offense felony-grade.

The State argued, as it also does now, that "all along" it had proceeded in the matter as if the offense were a felony. However, neither notice to Defendant nor specificity of the bill are at issue. The prosecutor stated that its assertion had been

4

discussed at a previous hearing on a separate motion to quash and that it could call a witness from that hearing. However, it made no attempt to introduce a transcript of that hearing and did not call any witnesses. On the core issue of whether the offense before the court is a misdemeanor or a felony, the State made no showing at all in the hearing below and does not do so on appeal.

For the reasons discussed, the assignment lacks merit.

## ASSIGNMENT OF ERROR NUMBER TWO

In its second assignment of error, the State argues the trial court erred by quashing the bill on the grounds that the statutory time period for commencing trial had prescribed. La.Code Crim.P. art. 578. The State conceded this issue at the hearing on the motion to quash. We note the relevant colloquy:

BY MS. LOUVIERE [Prosecutor]:

> Judge, the -

BY THE COURT:

> Well let me ask first, is there any controversy regarding the time period that lapsed or we're just talking about whether it's a felony or misdemeanor?

BY MS. LOUVIERE:

> There's no contro - it's just whether or not it's a felony or misdemeanor.

BY THE COURT:

> Okay. So if it's a misdemeanor he wins, if it's a felony he loses.

BY MS. LOUVIERE:

> Correct.

BY THE COURT:

> Okay. All right. Proceed.

5

Thus, the State may not contest this issue for the first time on appeal. Uniform Rules–Courts of Appeal, Rule 1–3. *See also State v. Shank*, 05-421 (La.App. 5 Cir. 2/14/06), 924 So.2d 316, *writ denied*, 06-1176 (La. 11/17/06), 942 So.2d 531; *State v. Green*, 36,741 (La.App. 2 Cir. 3/5/03), 839 So.2d 970, *writ denied*, 03-973 (La. 11/7/03), 857 So.2d 517.

## CONCLUSION

The trial court's ruling is affirmed.

**AFFIRMED.**