406 So.2d 189 (1981)
STATE of Louisiana
v.
Willie PETERS.
No. 81-K-1854.
Supreme Court of Louisiana.
November 16, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Reginald T. Blades, Jr., Asst. Dist. Attys., for plaintiff-relator.
Martin E. Regan, Jr., New Orleans, for defendant-respondent.
MARCUS, Justice.
Willie C. Peters and Edward Green were charged in the same incident by the grand jury for the first degree murder of William O. Barges on March 23, 1980, while engaged in the perpetration of an armed robbery in violation of La.R.S. 14:30(1).
Defendant, Willie C. Peters, filed a pretrial motion for discovery and inspection and for a bill of particulars requesting, inter alia, all exculpatory information in possession of the state. The state answered that it had no evidence favorable to defendant. The state's answer further disclosed that defendant was arrested on information supplied by his sister, Margenette Peters, who had also been arrested and charged by the state. Thereafter, defendant moved to obtain the grand jury testimony of Margenette Peters.[1] After a hearing, the trial judge granted defendant's motion and ordered the state to turn over the transcript of her testimony before the grand jury to defendant. On the state's application, we granted a writ under our supervisory jurisdiction to review the correctness of that ruling.[2]
At the hearing, defendant contended that Margenette Peters' testimony before the grand jury conflicted with statements she *190 gave to the police, defense counsel and the court during previous motion hearings.[3] At oral argument before this court, defense counsel stated that Margenette Peters told him that she had lied in her testimony before the grand jury because of pressure from the district attorney (due to her own involvement in the incident) and that she could not remember everything that she had said. Defense counsel further advised this court that the witness had granted defendant permission to read her testimony. Therefore, it is argued that the policy behind the secrecy of the grand jury would not be impaired. Defendant seeks the transcript for impeachment purposes and points out its importance because of the witness' status as the state's key witness in this capital case.
The state contends the grand jury proceedings are secret and are unavailable for impeachment purposes. Hence, the transcript of the witness' testimony should not be turned over to defendant. Alternatively, the state suggests that the trial judge conduct an in-camera inspection to determine whether or not any inconsistencies exist and if so whether they are material to the issue of guilt or innocence before turning over the transcript of the witness' grand jury testimony to defendant.
La.Code Crim.P. art. 434(A) provides:
Members of the grand jury, all other persons present at a grand jury meeting, and all persons having confidential access to information concerning grand jury proceedings, shall keep secret the testimony of witnesses and all other matters occurring at, or directly connected with, a meeting of the grand jury. However, after the indictment, such persons may reveal statutory irregularities in grand jury proceedings to defense counsel, the attorney general, the district attorney, or the court, and may testify concerning them. Such persons may disclose testimony given before the grand jury, at any time when permitted by the court, to show that a witness committed perjury in his testimony before the grand jury. A witness may discuss his testimony given before the grand jury with counsel for a person under investigation or indicted, with the attorney general or the district attorney, or with the court.
This court has consistently held that a defendant is not entitled to production of a transcript of the secret grand jury proceedings against him. La.Code Crim.P. art. 434; State v. Sheppard, 350 So.2d 615 (La.1977); State v. Sneed, 328 So.2d 126 (La.1976); State v. Williams, 310 So.2d 528 (La.1975). The transcript may not be used at trial even in the conduct of cross-examination. The purpose of the rule is not to protect a defendant or witness at a subsequent trial, but to encourage the full disclosure of information about crime. State v. Sheppard, supra; State v. Ivy, 307 So.2d 587 (La.1975).
On the other hand, the United States Supreme Court held in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), that upon request the state must produce evidence that is favorable to the accused where it is material to guilt or punishment. The Brady rule has been expanded to include evidence which impeaches the testimony of a witness where the reliability or credibility of that witness may be determinative of guilt or innocence. Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); State v. Davenport, 399 So.2d 201 (La.1981); State v. Curtis, 384 So.2d 396 (La.1980); State v. Roussel, 381 So.2d 796 (La.1980). In United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), the Supreme Court stated:

*191 In Brady the request was specific. It gave the prosecutor notice of exactly what the defense desired. Although there is, of course, no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor, if the subject matter of such a request is material, or indeed if a substantial basis for claiming materiality exists, it is reasonable to require the prosecutor to respond either by furnishing the information or by submitting the problem to the trial judge. When the prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable.
An accused's constitutional rights cannot be thwarted by state law. Hence, defendant's specific pretrial request for the grand jury testimony of the only eyewitness in this capital case based on a claim that it conflicts with prior statement given by the witness and is therefore needed for impeachment purposes at trial cannot be rejected solely on the ground that it conflicts with state law protecting the secrecy of the grand jury proceedings. Rather, we consider that an in-camera inspection by the trial judge is a proper means of accommodating the secrecy of the grand jury and at the same time protecting defendant's constitutional rights of confrontation and due process.
Accordingly, we must reverse the ruling of the trial judge ordering the state to turn over the transcript of the witness' testimony before the grand jury and grant the state's alternative demand and order the case remanded to the district court with instructions to the trial judge to conduct an in-camera inspection. On remand, the trial judge should determine whether or not the testimony of Margenette Peters before the grand jury is inconsistent with her recorded statements to the police and at the motion hearings and if so whether they are material to the issue of guilt or innocence before turning over her grand jury testimony to defendant.
REVERSED AND REMANDED.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
I concur in ordering an in camera inspection of the witness' grand jury testimony prior to trial in this particular case, because (1) the witness is the only eyewitness to the crime and will be the crucial witness at trial, and (2) defendant's motion alleges facts which establish the probable impeachment value of the grand jury testimony.
The state argues that the witness' grand jury testimony, which obviously was unfavorable to defendant, will not impeach her trial testimony and therefore is not exculpatory.
The exculpatory value of the grand jury testimony lies in its alleged inconsistency with other pretrial statements by this witness. While the other statements by the witness could be used during trial to impeach the witness' trial testimony, without regard to how the witness testified before the grand jury, it is fundamentally unfair to require defendant to wait until the testimony (already given before the grand jury and recorded) is repeated at trial, when pretrial disclosure of the testimony (to which the witness has no objection) will afford defendant a significantly more meaningful opportunity to prepare a defense.
NOTES
[1] While not reflected in the record, during oral argument before this court, defense counsel asserted that Margenette Peters was the sole eyewitness to the alleged murder. The state conceded that, to the best of its knowledge, this was so.
[2] 404 So.2d 1238 (La.1981).
[3] At said hearing, defense counsel advanced the following argument:

The reason we request this, your Honor, is that based on Margenette Peters' testimony in here during the motion hearings in Willie Peters' case, based on her statements that she made to the police when she was apprehended, and based on my interviews with her, with permission of her attorney, I believe that information she gave to the grand jury under oath will conflict with the testimony she's given at other times, and we have a need to have this in order to defend Willie Peters at his trial; and we'd ask that the state provide the defendant with a copy of her testimony at the grand jury proceeding.