WARD, Judge.
Frederick Brown was convicted of manslaughter, and as a multiple offender, sentenced to 42 years at hard labor. This Court conditionally affirmed his conviction, and pursuant to Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), remanded the case for an in camera inspection of alleged material inconsistencies and exculpatory information in the police reports and statements made to the police by State witnesses. The Trial Court had the right to grant a new trial if it found any material inconsistencies or exculpatory Brady information and the defendant was given the right to appeal any adverse ruling by the Trial Court.
After the in camera inspection, the Trial Judge ruled that there were no inconsistencies or Brady material in the police reports or in the witnesses’ statements. He further ruled that the defense counsel was neither entitled to inspect these statements nor to have them sealed and made part of *396 the record for appellate review. Brown has appealed these rulings.
Despite a plea of self-defense, Brown was convicted for the shooting death of Errol Kelly which occurred in front of a New Orleans lounge on September 7, 1980. The testimony of several witnesses was used to convict Brown. The arresting police officer testified that Brown said nothing to him about self-defense, and that Brown said that he killed Kelly for not returning borrowed jewelry. James Jackson testified that he saw Brown shoot and kill Kelly, and that Kelly did not move or reach for a weapon before being shot. Trina Martin testified that she heard four gun shots and saw Brown running from the scene. Brown’s assignments of error concern the police report and the statements James Jackson and Trina Martin made to the police shortly after the killing.
Brown first contends that the Trial Court should have allowed defense counsel the opportunity to inspect the police reports and witnesses’ statements in order to prepare his appeal from the Trial Judge’s ruling that there is no Brady material. This assignment of error has been resolved because this Court made the police report and witnesses’ statements part of the record on appeal, and Brown’s counsel has had an opportunity to examine the documents and has filed a supplemental brief addressing specific arguments based upon the witnesses' statements.
Accordingly, Brown’s next assignment of error is that the Trial Court incorrectly ruled that the witnesses’ statements and police report did not contain exculpatory Brady material for use in cross-examination or in a motion for new trial. The standard for determining if the statements are Brady material which should have been given to the defense is whether their use by the defense would have created a reasonable doubt about the defendant’s guilt that did not otherwise exist. State v. Sylvester, 388 So.2d 1155 (La.1980); State v. Curtis, 384 So.2d 396 (La.1980). Our review of the police report and witnesses’ statements under this standard reveals no Brady material.
In his supplemental brief, Brown contends that the trial testimony of Trina Martin and James Jackson could have been impeached by their statements to police, and Brown argues, by denying him access to those statements, the State effectively denied his right to confront his accusers. We find that the witnesses’ statements which Brown contends should have been given to him indicate some discrepancies in trial testimony, but they are certainly not exculpatory and they would not have created a reasonable doubt that did not otherwise exist.
There were minor discrepancies between the trial testimony of James Jackson and the statement of Trina Martin. James Jackson testified that Kelly was leaning against a wall immediately before the shooting. In Trina Martin’s statement to the police, she said that Kelly was standing by the steps of the lounge when he was shot. This discrepancy in the witnesses’ descriptions of the victim’s location in relation to the lounge does not constitute a material difference, much less a “glaring inconsistency” as characterized by Brown’s counsel, and any impeachment on this point would not have created reasonable doubt regarding Brown’s guilt.
There were also minor discrepancies between Jackson’s testimony and his statement. James Jackson testified for the State that the victim did nothing which appeared to be aggressive. In his statement to the police, Jackson said, “I heard a shot. I turned and saw Errol falling_” Brown argues that Jackson’s two accounts are contradictory because his testimony implies that Jackson was watching Kelly immediately before the shooting, while the statement to the police indicates that he turned to look at Kelly only after the first shot was fired. Hence, Brown argues, the statement could have been used at trial to impeach Jackson. Even if Jackson’s two accounts of the shooting are inconsistent, we find that the inconsistency does not create a doubt which did not otherwise *397 exist. Jackson’s testimony was itself inconsistent. Under cross-examination by defense counsel, he contradicted his earlier testimony that he would have seen any aggressive moves made by Erroll Kelly. He said of Kelly: “I wasn’t watching him the whole time. I just seen the pose.” Thus, Brown was able to show the inconsistencies in Jackson’s testimony, and the jury had an opportunity to weigh and evaluate that testimony in the light of the inconsistencies. Although Brown may have shown other minor inconsistencies if his counsel had had the benefit of the police report for use in cross-examination, we conclude use of the statement made to the police would not have changed the jury’s evaluation of Jackson’s credibility. Minor inconsistencies are to be expected of witnesses, and they are matters only marginally useful for purposes of impeachment. Therefore, use of the statement Jackson made to the police would not have created a reasonable doubt as to Brown’s guilt that did not already exist.
For the reasons assigned, we affirm the Trial Judge’s ruling finding no exculpatory material in the police report and witnesses' statements, and we again affirm Frederick Brown’s conviction and sentence.
AFFIRMED.