Judge Joy Cossich Lobrano
Relator, State of Louisiana ("State"), seeks review of the district court's February 7, 2018 ruling, which found defendant, Troy Taylor ("Defendant"), was entitled to production of the full transcript of the grand jury proceedings that resulted in his superseding grand jury indictment. Upon review, we find that the district court erred in ordering the disclosure of the transcript. Therefore, the State's writ is granted, and the district court's ruling is reversed.
On January 13, 2011, the State filed a bill of information charging Defendant with one count of forcible (second degree) rape, one count of second degree kidnapping, and one count of aggravated crime against nature. On August 22, 2011, the State dismissed the aggravated crime against nature charge. Defendant was tried before a jury on August 22-23, 2011. The State presented, inter alia, the testimony of the victim, S.B., who swore that on August 30, 1994, after she accepted a ride home from Defendant, he drove her to a secluded area, forced her to perform oral *1194 sex, and then vaginally raped her.[1] Defendant was found guilty as charged. On direct appeal, this Court vacated the kidnapping conviction as untimely instituted, but affirmed the rape conviction, finding that the issue as to whether the rape charge was timely instituted was not preserved for appeal because counsel did not file a motion to quash that charge. State v. Taylor, 12-0345 (La.App. 4 Cir. 6/26/13), 118 So.3d 65, 86, writ denied, 13-1830 (La. 2/28/14), 134 So.3d 1169.
Recently, this Court reversed the district court's ruling denying Defendant's application for post-conviction relief and vacated the rape conviction as well, finding Defendant's counsel rendered constitutionally ineffective assistance for neglecting to file a motion to quash. State v. Taylor, 16-1252 (La.App. 4 Cir. 4/6/17), writ denied, 17-0684 (La. 6/16/17), 221 So.3d 845, reconsideration not considered , 17-0684 (La. 7/27/17), 222 So.3d 720. After the Louisiana Supreme Court denied review, the State obtained a superseding grand jury indictment charging Defendant with aggravated (first degree) rape and aggravated kidnapping, charges which may be instituted at any time. See La. R.S. 14:42 ; La. R.S. 14:44 ; La. C.Cr.P. art. 571.
On July 19, 2017, Defendant filed a motion to quash, arguing that the indictment was improperly allotted. This motion was denied, and this Court and the Louisiana Supreme Court denied Defendant's writ application. State v. Taylor, 17-640 (La.App. 4 Cir. 8/2/17); State v. Taylor, 17-1820 (La. 12/15/17), 231 So.3d 635. On September 20, 2017, Defendant filed numerous motions to quash on various grounds,[2] including a "Motion to Quash for Prosecutorial Misconduct, and Request for Evidentiary Hearing and/or Disclosure of Grand Jury Transcript," and a "Motion to Quash Pursuant to Articles 485 and 532(5)." In the motion alleging prosecutorial misconduct, Defendant argues that the indictment should be quashed and/or the grand jury transcripts disclosed based upon the following accusations: (1) the State presented false testimony at trial from S.B. and E.C. regarding their prior convictions, where such testimony was presented to the grand jury; (2) S.B. told police in 1994 that she was vaginally raped in the front seat of vehicle but testified it occurred in the back seat; this information was not presented to the grand jury; (3) the grand jury was improperly instructed with the 2017 version of the aggravated (first degree) rape statute, La. R.S. 14:42, rather than the 1994 version in existence at the time of the offense; (4) the recent indictment initially listed Count 2 as "second degree kidnapping" rather than "aggravated kidnapping;" and (5) the evidence presented at trial and described in the discovery materials did not support the charges of aggravated rape and aggravated kidnapping. In the motion pertaining to articles 485 and 532(5), Defendant reiterated some of the aforementioned arguments.
On December 7, 2017, the district court ordered the State to provide it with a copy of the grand jury transcript for an in-camera review in order for it to fully consider the aforementioned motions to *1195 quash; the State complied. The district court also denied Defendant's Article 574 Motion to Quash, but deferred ruling on the additional motions until after the in-camera inspection.
On February 7, 2018, after the review, the district court ordered the State to disclose the full grand jury transcript to Defendant. The district court ruled that Defendant's need for the transcripts outweighed the interest in grand jury secrecy stating:
This matter is before the Court on a ruling on a variety of defense motions seeking quashal of the indictment and other relief. Two of those motions, the Motion to Quash Pursuant to Articles 485 and 532(5) and the Motion to Quash for Prosecutorial Misconduct, deal with the propriety of the proceedings before the Grand Jury in the summer of 2017. So as to be able to fully consider these two motions and the arguments made therein, this Court ordered the State of Louisiana to provide transcripts of the Grand Jury proceedings which resulted in this indictment for an in camera inspection. Having received these transcripts on February 5, 2018 and reviewed the representations and testimony contained therein, this Court is of the opinion that the defendant should be provided with these transcripts. Accordingly, this Court orders the District Attorney to provide copies of the transcripts to the defendant....
The State noticed its intent to seek a writ and requested a stay, which was granted. This writ timely followed.
A defendant is generally not entitled to a grand jury transcript.[3] La. C.Cr.P. art. 434. The legislature has allowed for the disclosure of grand jury testimony in very limited circumstances. Pursuant to La. C.Cr.P. art. 434(A), grand jury testimony may be disclosed, with the permission of the court, when members of the grand jury or those listed in La C. Cr. P. art 434 have alleged statutory irregularities or perjury before the grand jury.[4] La. C.Cr.P. art 434.1(A) and (C)allow for the district attorney to disclose grand jury testimony "to state or federal prosecutors or law enforcement officers, or to investigators on the staff of the district attorney or attorney general, or to expert witnesses, information and documents provided to a grand jury" and "to a witness at trial" whose statement before the grand jury is inconsistent with the trial testimony of that witness.
La. C.Cr.P. art 434.1(B) sets forth the only statutory exception to grand jury *1196 secrecy that specifically allows for the disclosure of grand jury testimony to a defendant:
B. The district attorney shall also disclose to the defendant material evidence favorable to the defendant that was presented to the grand jury.
Thus, the courts have limited authority to allow for the disclosure of grand jury testimony to a defendant. Nonetheless, in an effort to balance the competing interests of Brady[5] and the secrecy of grand jury proceedings, the Louisiana Supreme Court has judicially created a limited exception to grand jury secrecy.
Grand jury transcripts were first allowed to be given to a defendant in State v. Peters, 406 So.2d 189 (La. 1981). There, the Supreme Court held that "defendant's specific pretrial request for the grand jury testimony of the only eyewitness in this capital case based on a claim that it conflicts with prior [sic] statement given by the witness and is therefore needed for impeachment purposes at trial cannot be rejected solely on the ground that it conflicts with state law protecting the secrecy of the grand jury proceedings." Peters , 406 So.2d at 191. The Court supported the in-camera inspection by reasoning: "we consider that an in-camera inspection by the trial judge is a proper means of accommodating the secrecy of the grand jury and at the same time protecting defendant's constitutional rights of confrontation and due process." Id. The in-camera inspection was for the purpose of ensuring Brady material was tendered to the defendant in a capital case.
The Louisiana Supreme Court, in State v. Trosclair, 443 So.2d 1098, 1103 (La. 1983), instituted the "compelling necessity" test, whereby the party seeking disclosure of grand jury testimony bears the burden to show a compelling necessity for breaking the indispensable secrecy of grand jury proceedings. Id. If allowed, disclosure "must be closely confined to the limited portion of the material for which there is particularized need." Id.
Disclosure after an in-camera review of material to be disclosed under Brady and its progeny is in the sound discretion of the district judge. State v. Williams , 98-1947, p. 9 (La.App. 4 Cir. 8/23/00), 769 So.2d 629, 635. Under the abuse of discretion standard of review, unless the district judge's ruling is based upon an erroneous application of the law or a clearly erroneous assessment of the evidence, we defer to the district judge's determination. State v. Farrier , 14-0623, p.7 (La. App. 4 Cir. 3/25/15), 162 So.3d 1233, 1240. A district court may act upon a specific request stated with particularity and review grand jury transcripts in-camera to determine if information contained therein is favorable to the accused and material to guilt or punishment. State v. Higgins , 03-1980, pp. 35-36 (La. 4/1/05), 898 So.2d 1219, 1241 ; Trosclair, 443 So.2d at 1103 ; Peters, 406 So.2d at 191.
A review of the record and the sealed grand jury transcript reveal that the transcript does not include any Article 434.1(B)"material evidence favorable" to Defendant.[6] Because Article 434.1(B) evidence is the only evidence that the legislature has authorized for the breaking of the *1197 indispensable secrecy of grand jury proceedings and this grand jury transcript does not include any Article 434.1(B) evidence, the district court 's decision to disclose the transcript was either based an erroneous application of the law or a clearly erroneous assessment of the sealed grand jury transcript itself.[7]
Accordingly, the State's writ is granted and the district court's ruling ordering the State to provide Defendant with a copy of the full grand jury transcript is reversed.
WRIT GRANTED; REVERSED.
CHASE, J., DISSENTS
ATKINS, J., CONCURS IN THE RESULT

This Court summarized the facts presented during Defendant's 2011 trial in State v. Taylor, 12-0345 (La.App. 4 Cir. 6/26/13), 118 So.3d 65, writ denied, 13-1830 (La. 2/28/14), 134 So.3d 1169.

Defendant filed four motions to quash on September 20, 2017: (1) Motion to Quash Pursuant to Article 572; (2) Motion to Quash Pursuant to Blackledge v. Perry , (3) Motion to Quash for Prosecutorial Misconduct and Request for Evidentiary Hearing and/or Disclosure of Grand Jury Testimony; and (4) Motion to Quash Pursuant to Articles 485 and 532(5). Defendant also filed an Article 574 Motion to Quash.

Louisiana Constitution, Article V, Section 34 (A) provides in pertinent part: "The secrecy of the [grand jury] proceedings, including the identity of witnesses, shall be provided by law."

La. C.Cr.P. art 434(A) reads:
A. Members of the grand jury, all other persons present at a grand jury meeting, and all persons having confidential access to information concerning grand jury proceedings, shall keep secret the testimony of witnesses and all other matters occurring at, or directly connected with, a meeting of the grand jury. However, after the indictment, such persons may reveal statutory irregularities in grand jury proceedings to defense counsel, the attorney general, the district attorney, or the court, and may testify concerning them. Such persons may disclose testimony given before the grand jury, at any time when permitted by the court, to show that a witness committed perjury in his testimony before the grand jury. A witness may discuss his testimony given before the grand jury with counsel for a person under investigation or indicted, with the attorney general or the district attorney, or with the court.

Brady v. Maryland , 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Under the Fourteenth Amendment's due process clause, the prosecution has an affirmative duty to disclose evidence which is favorable to the defense, "where the evidence is material either to guilt or to punishment" or impeaches the testimony of a witness where "the reliability of a given witness may well be determinative of guilt or innocence...." Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1197, 10 L.Ed.2d 215 (1963) ; see also State v. Harper , 10-0356, p. 8 (La. 11/30/10), 53 So.3d 1263, 1269. Evidence is "material" when "there is any reasonable likelihood it could have affected the judgment of the jury" and it is sufficient to undermine confidence in the verdict. State v. Johnson, 16-0480, p. 6 (La. App. 4 Cir. 10/12/16), 229 So.3d 610, 615. This affirmative duty under Brady is "embedded in the principle that a criminal defendant is deprived of a fair trial when the state withholds exculpatory evidence that is material to guilt or punishment." Id. ; In re Jordan , 04-2397, p. 9 (La. 6/29/05), 913 So.2d 775, 781.

The district court allowed for the disclosure of the grand jury transcript "so as to be able to fully consider these two motions [to quash] and the arguments made therein." Defendant has made numerous allegations regarding the grand jury proceedings in support of his motions to quash, none of which are compelling or allow for the mandated disclosure of the grand jury transcript. A close review of Defendant's accusations indicates that they relate to his defenses and credibility of witnesses and not prosecutorial misconduct that would require the quashal of an indictment. "To warrant dismissal of an indictment the prosecutorial misconduct must be of such a nature as to mislead or unfairly affect the integrity of the grand jury as an independent and unbiased body." State v Walker , 567 So.2d 581, 586 (La. 1990). The question raised by a motion to quash is not of the factual guilt or innocence of the offense charged as that is an appropriate determination for the fact-finder at trial. State v. Armstead , 14-0036, p. 15 (La. App. 4 Cir. 1/28/15), 159 So.3d 502, 514, writ denied , 15-0392 (La. 1/8/16), 184 So.3d 692. A judge's consideration of a motion to quash ... does not extend to defenses based upon factual findings." Id. Therefore, the district court erred and exceeded its authority if it considered the grand jury transcript solely as evidence supporting a defense on the merits.