STATE OF LOUISIANA            *        NO. 2023-K-0069

VERSUS                     *

                                   COURT OF APPEAL

GERALD LADMIRAULT     *

                                     FOURTH CIRCUIT

                       *

                                     STATE OF LOUISIANA

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 519-334, "SECTION E"
Judge Rhonda Goode-Douglas,
* * * * * *
**Judge Roland L. Belsome**
* * * * * *
**ON REMAND FROM LOUISIANA SUPREME COURT**

(Court composed of Chief Judge Terri F. Love, Judge Roland L. Belsome, Judge
Paula A. Brown)


Gerard Ladmirault #358205
Elayn Hunt Correctional Center
P.O. Box 174
St. Gabriel, Louisiana 70776

       DEFENDANT/APPELLANT PRO SE

Jason Rogers Williams
District Attorney
Parish of Orleans
Brad Scott
Chief of Appeals
District Attorney's Office
Parish of Orleans
619 South White Street
New Orleans, LA 70119

       COUNSEL FOR STATE OF LOUISIANA/APPELLEE


                              **WRIT GRANTED; RELIEF DENIED**

                                    **JUNE 20, 2024**

RLB
TFL
PAB

After this Court remanded defendant/relator's pro se writ application to the district court to "further explore at an evidentiary hearing with appointed counsel relator's claim that trial counsel was ineffective for failing to file a motion to quash," *State v. Ladmirault*, 2023-0069 (La.App. 4 Cir 2/16/23), the state sought review in the Supreme Court, which granted the writ, reversing this Court's remand order, and directing us to "rul[e] on the merits of the claims asserted in respondent's applications for review, with or without additional briefing . . . ." *State v. Ladmirault*, 2023-00291 (La. 5/21/24), ___ So.3d ___. For the reasons set forth below, we grant the writ but deny relief.

Our opinion on appeal reveals that the state filed a bill of information on February 24, 2014, charging relator with aggravated oral sexual battery based on an incident that occurred in 1991. Following two mistrials, relator was found guilty as charged by the jury on October 17, 2018. Later that year, the court sentenced relator to fifteen years imprisonment at hard labor. In our appellate opinion, this Court described the evidence presented as follows:

> L.G. testified she was fourteen years old in 1991. L.G. stated that her mom was a drug addict and was not often around. As a result, L.G. lived with a family friend, Cynthia Carriere, who L.G. referred to as "Miss Cynthia." L.G. explained she knew Defendant as a friend of

1

Miss Cynthia's, and he would often come to Ms. Cynthia's house to visit. L.G. stated that she believed Defendant was in his mid-thirties in 1991.

On October 16, 1991, Defendant told L.G. he would take her to purchase school uniforms; instead, Defendant transported L.G. to his house. Once in the house, Defendant pushed L.G. down, held a knife to her neck, and forced her to perform oral sex on him. Defendant threatened to kill L.G. if she did not comply. L.G. recalled Defendant ejaculated in her face, on her chest, and all over her shirt. Defendant grabbed a white towel and wiped the semen off of L.G. Afterwards, Defendant drove L.G. to Miss Cynthia's home. During the drive, Defendant brandished a firearm and warned L.G. that he would kill her if she told anyone what had happened.

Upon arrival to Miss Cynthia's home, L.G. recounted what happened to Miss Cynthia and L.G.'s cousin, who was visiting. Immediately, L.G. reported the incident to police and the police responded. The next day, L.G. met with a detective and gave a formal statement. The case, however, never went to trial. L.G. explained that her mother came to her with an affidavit that she signed, and at the time, she did not understand that the affidavit allowed the charges against Defendant to be dropped.

At trial, Miss Cynthia corroborated L.G.'s testimony: L.G. told her what occurred when L.G. returned home from her encounter with Defendant; L.G.reported the incident to the police; and L.G.'s mother attempted to have L.G. drop the charges against Defendant. Ms. Cynthia stated she believed L.G.'s allegation against Defendant the night of the incident because she observed seminal fluid on L.G.'s face. Miss Cynthia stated that she terminated her friendship with Defendant soon after the incident.

L.G. testified that she saw Defendant, decades later, drop off a little girl at the same school her son attended. L.G. became upset and drove to the District Attorney's office to inquire about her old case, and learned that "the case had been thrown out, or something to that effect." The prosecutor informed L.G. that the case had not yet prescribed, and L.G. advised the prosecutor that she wished to pursue the charges against Defendant.

*State v. Ladmirault*, 2019-0512, pp. 2-3 (La.App. 4 Cir. 12/18/19), 286 So.3d 1206, 1209-10 (footnote removed).

This Court affirmed the conviction and sentence, rejecting relator's claims that a mistrial was warranted as a result of: (1) the state's improper reference to his

failure to testify; (2) the state's inflammatory and prejudicial closing argument; and (3) the state's indirect reference to the two earlier cases which resulted in mistrials. We also rejected relator's claim that the district court should have granted his motion to quash based on the delay between the mistrial ordered (after his second trial) and the commencement of his third trial. The Supreme Court denied writs. *State v. Ladmirault*, 2020-0512 (La. 5/14/20), 296 So.3d 616. Notably, relator apparently did not file a motion to quash in the district court based on prescription and did not raise on appeal any argument that the charge had prescribed based on the state's failure to charge him within ten years of the victim's seventeenth birthday – the law in effect at the time.

Relator subsequently filed a *pro se* application for post-conviction relief and the court conducted an evidentiary hearing on its merits on September 12, 2022. At the hearing, at which relator represented himself with standby counsel present, he claimed that his trial attorney rendered ineffective assistance by failing to move to quash the bill of information when the time limitations within which to institute prosecution had expired prior to his February 24, 2014 indictment. *See* La. C.Cr.P. art. 571 et seq.[1]

The state responded that relator had "presented no testimony from that trial attorney." The district attorney further maintained that the facts of the case supported an aggravated kidnapping charge, a crime which carries a mandatory

---

[1] In 1991, La. C.Cr.P. art. 572 provided that the no person shall be prosecuted for an offense not punishable by death or life imprisonment unless the prosecution is instituted within six years for a felony (such as aggravated oral sexual battery) necessarily punishable by imprisonment at hard labor. However art. 573(4) provided that the time limitations shall not commence to run when the offense is aggravated oral sexual battery and the victim is under the age of seventeen. When the victim turned seventeen in 1994, art. 571.1 had been enacted, which provided that the time limitations within which to institute prosecution for aggravated oral sexual battery was ten years. The state was thus required to charge relator no later than 2004.

parole-ineligible life sentence and for which "[t]here is no time limitation upon the institution of prosecution . . . ."

The district court judge adopted the state's argument, distinguishing relator's case from *State v. Taylor*, 2016-1252 (La.App. 4 Cir. 4/6/17), 313 So.3d 278, *writ denied*, *State v. Taylor*, 2017-0684 (La. 6/16/17), 221 So.3d 845, in which this Court granted the defendant's ineffective assistance of counsel claim based on his attorney's failure to file a motion to quash because "Mr. Lamdirault [sic] could have been facing the crime of aggravated kidnapping, wherein, there was a life sentence." The district court judge also noted that relator's trial attorney "did file a motion to quash based upon other grounds . . . ." On that basis, the court declared that it was "not going to find that [counsel] was ineffective" and accordingly denied the application for post conviction relief.

**DISCUSSION**

As a general matter, a trial court's determinations of fact are reviewed for abuse of great discretion, and legal decisions are reviewed *de novo*. *State v. Candebat*, 2013-0780, pp. 6-7 (La.App. 4 Cir. 1/30/14), 133 So.3d 304-306 (citing *State v. Wells*, 2008-2262 (La. 7/6/10), 45 So.3d 577).

To support a claim for ineffective assistance of counsel, a defendant must meet the two prong test set forth in *Strickland v. Washington*, which provides that (1) a defendant must show that counsel's representation was deficient and (2) the deficiency prejudiced the defendant. 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A defendant must "show that counsel made errors so serious that he was not operating as the type of counsel guaranteed by the Sixth Amendment to the United States Constitution." *State v. Boyd*, 2014-0408, p. 7 (La.App. 4 Cir. 7/25/18), 318 So.3d 397, 402 (citation omitted).

4

The *Strickland* test of ineffective assistance affords a "highly deferential" standard of review to the actions of counsel to eliminate, as far as possible, "the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.  An appellate court therefore "does not sit to second-guess strategic and tactical choices made by trial counsel."  *State v. Myles*, 389 So.2d 12, 39 (La. 1980); *see also State v. Leonard*, 2018-0142, p. 21 (La.App. 4 Cir. 12/26/18), 262 So.3d 378, 391.

Finally, "[t]he petitioner in an application for post conviction relief shall have the burden of proving that relief should be granted."  La. C.Cr.P. art. 930.2.

In *Taylor*, *supra*, this Court granted the defendant's post-conviction application in which he argued that his counsel rendered ineffective assistance based on his attorney's failure to move to quash a forcible rape charge that had prescribed.  *Id.*, 2016-1252, p. 9, 313 So.3d 278, 294 ("Had counsel for Taylor filed a motion to quash the forcible rape charge, there is a reasonable probability that Taylor ultimately would have  . . . [had] his conviction and sentence vacated. Thus, we conclude that Taylor has satisfied both prongs of the *Strickland* test.")  In response to this Court's opinion vacating Taylor's conviction and sentence, the state obtained a superseding grand jury indictment charging him with aggravated (first degree) rape and aggravated kidnapping, charges which may be instituted at any time and which carry mandatory, parole-ineligible life sentences.  *State v. Taylor*, 2018-0192, p. 2 (La.App. 4 Cir. 5/23/18) 247 So.3d 1192, 1194.

As recognized by the district court at the evidentiary hearing at which it considered relator's application, the state's evidence would appear to have supported a charge of aggravated kidnapping and nothing would have prevented

the state from charging him with that offense had counsel successfully moved to quash the aggravated oral sexual battery charge on prescription grounds. In this set of circumstances, counsel's failure to file a motion to quash the charge on that basis likely constituted sound trial strategy. In any event, relator certainly did not satisfy his post-conviction burden of proof when he failed to subpoena his trial counsel to testify at the post-conviction hearing. Therefore, we find that the trial court did not err when denying relator's application for post-conviction relief.

**DECREE**

For the reasons set forth above, the application for supervisory review filed by relator is granted, but relief is denied.

**WRIT GRANTED; RELIEF DENIED**

6